Submitted on briefs September 15; affirmed December 15, 1931

## CONRAD v. SAUERS ET AL.
(5 P. (2d) 1062)

*Giles & Boesen,* of Marshfield, for appellant.

*J. B. Bedingfield,* of Marshfield, for respondent.

RAND, J. This is an action to recover upon a promissory note given by defendants to plaintiff. Lester Sauers suffered a default to be entered against him. Thereafter the action proceeded against H. L. Sauers alone. The defense made was payment. The cause was tried to a jury and defendant had verdict and judgment.

The only error assigned upon appeal is that the court erred in refusing to direct a verdict for plaintiff.

Plaintiff seeks to raise the question upon this appeal, and it is the only question raised except the sufficiency of the proof of payment, whether an oral agreement entered into by an accommodation maker with the payee named in the note at the time the note was executed that credit should be given on the note for the purchase price of logs delivered to the payee by

a codefendant, who also signed the note, is enforceable in an action on the note when brought by the original payee. That question, however, is not pertinent upon this appeal for the trial court instructed the jury that such agreement was invalid and that they could only consider the defense of payment. Whether the court was right or wrong in withdrawing from the consideration of the jury the alleged agreement, we will not stop to consider for if there was error it was in favor of plaintiff. A careful examination of the transcript of the evidence offered on the trial shows that there was ample competent evidence to support the verdict. In fact, the evidence on the question of payment seems to us to be almost conclusive.

Finding no error, the judgment is affirmed.