Argued December 14, affirmed December 30, 1955, petition for
rehearing denied January 25, 1956

# HOWE *v.* HOLGER

291 P. 2d 731

*Harry G. Hoy,* of Oceanlake, argued the cause and filed a brief for appellant.

*Orval Thompson,* of Albany, argued the cause for respondent. On the brief were Weatherford & Thompson, of Albany.

Before WARNER, Chief Justice, and ROSSMAN, LATOURETTE, and PERRY, Justices.

PER CURIAM.

Plaintiff brought an action for damages for personal injuries alleged to have been suffered by him as the result of a collision between his automobile and the automobile driven by the defendant on the coast highway in the town of DeLake. The jury found for defendant. Plaintiff appeals.

The first assignment of error is that the court erred in giving the statutory instruction that oral admissions are to be viewed with caution. It is claimed that the evidence did not disclose any oral admissions on

the part of the plaintiff. Plaintiff is in error. Defendant testified that he had a conversation with plaintiff several days after the accident, at which time plaintiff said, ''He was sorry that he hit us and he didn't know just how it happened at that time.'' This evidence was material inasmuch as at the trial plaintiff gave his version of just how the accident happened. There was no error in the court's giving this instruction.

■ The next assignment of error is that the court erred in instructing the jury that it was the duty of the plaintiff in the operation of his automobile to use reasonable care to keep the same under reasonable control. It appears from the evidence that plaintiff had parked his car in front of his place of business on the westerly or ocean side of the highway with the front end of his car pointed northerly. It was during the night time and his car lights were on. Plaintiff came out of his office, got into his car, and, according to defendant's evidence, operated the same in a northerly direction along the left side of the highway and suddenly turned across in front of defendant's oncoming car which was still on defendant's right half of the highway. This movement of plaintiff's car was not only in violation of the law but could reasonably indicate lack of control on plaintiff's part. There was no error in giving the above instruction.

■ It is next asserted that the court erred in instructing the jury as follows:

''It shall be unlawful and punishable  *  *  * for any person who is an habitual user of narcotic drugs or any person who is intoxicated or under the influence of intoxicating liquor or narcotic drugs to drive any vehicle upon any highway, street or thoroughfare within this state.'' See ORS 483.992.

It is asserted that there was nothing in the pleadings or evidence indicating that plaintiff was an habitual user of narcotic drugs or user of the same at all, nor was there anything in the evidence tending to prove that plaintiff was under the influence of intoxicating liquor at the time the accident occurred. To determine the propriety of the court's giving the above instruction, we must consider the entire instruction on this phase of the case. The court instructed:

> "It is further charged in the complaint that plaintiff attempted and undertook to drive his automobile and was attempting to drive and was propelling the same along said highway at and when he was under the influence of liquor and so intoxicated that he could not steer and operate said automobile and could not appreciate and understand the position in which his automobile should be upon the highway. [ORS 483.992 is quoted]
>
> "If it appears that the plaintiff violated this section of the statute, that would be negligence in and of itself."

Witness LaBlank testified that he was at the scene of the accident and saw plaintiff and that plaintiff seemed to be under the influence of liquor, although he could not say that he was intoxicated. He also testified that he found two whiskey bottles in plaintiff's car, one of which appeared to be partly empty. We are of the opinion that the evidence raised a sufficient inference warranting the giving of the instruction as to intoxication. The court should have omitted that portion of the instruction relating to an habitual user of narcotic drugs; however, a close analysis of the instruction above quoted indicates that the court was referring to liquor rather than to drugs. In any event, if the jury believed defendant's theory of the case, that is, that plaintiff was on the wrong side of the highway

when the collision occurred, that portion of the above instruction relating to narcotics was not prejudicial.

■ The next assignment of error applies to instructions given by the court with reference to defendant's counterclaim for damages. Since the jury found against defendant's counterclaim, the instructions could in no event prejudice the rights of plaintiff.

Affirmed.