Argued April 4, affirmed December 24, 1957

# STEIN *v.* HANDY

319 P. 2d 935

*Paul E. Geddes* argued the cause for appellant. On brief were Geddes, Felker, Walton & Richmond, Roseburg.

*Robert M. Stults,* Roseburg, argued the cause for respondent. With him on brief was Daniel R. Dimick, Roseburg.

Before PERRY, Chief Justice, and ROSSMAN, LUSK, BRAND, McALLISTER and KESTER, Justices.

ROSSMAN, J.

This is an appeal by the defendant, Ruby Handy, from an order of the circuit court which, upon the court's own motion set aside a judgment and granted a new trial. The vacated judgment gave effect to a verdict which the jury returned in favor of the plaintiff, Dorothy Stein, in the sums of $1.00, general damages, and $399.55, special damages.

The action which the plaintiff, Dorothy Stein, instituted was to recover damages for personal injuries that she sustained when an automobile in which she was riding, and which was operated by her husband, collided with a car driven by the defendant.

The two cars were proceeding in opposite directions. The evidence indicated that the left front portion of the one came into contact with the similar portion of the other. Each party alleged that the automobile of

the other was partially across the yellow center line at the point of impact and was, therefore, on the wrong side of the highway [No. 99]. Each alleged that the negligent operation of the other's car was the proximate cause of the collision and, in turn, denied the allegation to that effect which the other had made. Evidence was introduced by plaintiff as well as by defendant that at the point of impact her automobile was on the right-hand side of the center line and that the other's was encroaching thereon. The conflict in the testimony upon those phases of the case is irreconcilable.

No grave conflict in the testimony arose upon another phase of the case; that is, the extent of the injuries which the plaintiff sustained. Her scalp was lacerated, her diaphragm torn, her shoulder sprained and two of her ribs were fractured. For two weeks she was hospitalized. In the medical treatment which she underwent, the physicians employed oxygen, transfusions of whole blood and plasma, and intravenous injections of liquids. At the trial, the residual effects of these traumata were not established with absolute clarity nor without some contradictory declarations, but that the traumata were suffered was not contradicted. As a result of the medical and hospital treatment which the plaintiff received she was presented with a hospital bill for $304.05, a physician's bill for $88 and an ambulance charge of $7.50. The total is $399.55.

The trial judge instructed the jury:

"* * * if you find that the—by a preponderance of the evidence that the defendant was negligent in one or more of the particulars set forth in plaintiff's amended complaint and that such negligence, if any, was the proximate cause of the ac-

cident, you should find for the plaintiff, providing she sustained injuries and damages as a proximate result. * * *

"I further instruct you if you find the plaintiff is entitled to obtain a verdict at your hands you will then consider the question of damages, and in such event you shall award those damages in an amount that would fairly, fully and justly compensate her for her injuries. In assessing the amount of plaintiff's damages, it is your duty to take into consideration the nature and extent of plaintiff's injuries, whether the injuries are permanent or temporary, the pain and suffering plaintiff has heretofore undergone or will undergo in the future, but not in excess of $7,500.00 general damages.

"Plaintiff also claims special damages. Special damages can only be awarded to her in the event that she is allowed general damages. Special damages claimed in this case are the doctor and hospital bill and ambulance bills. The hospital bill is in the sum of $304.05, the doctor bill is in the sum of $88.00, and the ambulance bill is in the sum of $7.50, which it is claimed are the reasonable charges therefor. Plaintiff is only entitled to recover the reasonable charges for these items, not in excess of the sums claimed."

The jury returned the following verdict:

"We, the jury duly empaneled and sworn to try the above entitled cause, do return our verdict in favor of the plaintiff, Dorothy Stein, and assess her damages in the sum of:

$   1.00—General damages
$399.55—Special damages."

The trial judge received the verdict and entered judgment upon it. Two days later, upon his own motion, he set aside the judgment and granted the plaintiff a new trial. He gave the following reasons:

"1. The verdict was invalid and was such that the Court could not and should not have received,

in this: That the jury having found for the plaintiff in the total and exact amount of special damages incurred by her, to-wit: $399.55, failed to assess any amount for general compensatory damages; that the award of nominal damages in the sum of $1.00 is improper and unauthorized for in effect it was no damages. The jury had been instructed that if it found in favor of the plaintiff on the issue of liability that it should award plaintiff compensatory damages in an amount that would fully and justly compensate her for her injuries and that in assessing the amount of such damages it should take into consideration the nature and extent of plaintiff's injuries, pain and suffering. The undisputed evidence in the case that plaintiff, as the direct result of an automobile collision, was confined in the hospital for about two weeks; she sustained two broken ribs; she was cut and bruised about her body; her diaphragm was injured and torn; she required blood plasma, intravenous injections and whole blood transfusions; she likewise suffered pain and shock. If there was any liability, as the jury found by its verdict and there was, by awarding plaintiff the full amount of her special damages, she was, therefore, clearly entitled to general compensatory damages as by the Court instructed. The attempted award of $1.00 nominal general damages is inconsistent with its award of substantial special damages in favor of plaintiff and is contrary to the instructions of the Court (Hall v. Cornett, 193 Or 634).

"2. Misconduct of the jury and irregularities in the proceedings in the aforesaid particulars which prevented the plaintiff from having a fair trial."

■ It is proper for a trial judge to set aside a verdict and order a new trial if the verdict which was returned was the result of misconduct by the jury. ORS 17.630 authorizes the trial judge to take such action upon his own motion.

ORS 17.610 provides:

"A former judgment may be set aside and a new trial granted on the motion of the party aggrieved· for any of the following causes materially affecting the substantial rights of such party:

"(1) Irregularity in the proceedings of the court, jury or adverse party, or any order of the court, or abuse of discretion, by which such party was prevented from having a fair trial.

"(2) Misconduct of the jury or prevailing party."

*Snyder v. Amermann,* 194 Or 675, 243 P2d 1082, states:

"The question posed is whether or not the verdict entered by the jury was a verdict for general damages or a verdict for special damages. If a verdict for general damages, of course, there is no error. If a verdict for special damages, it cannot stand because, under the well-recognized rule of law, before a verdict for special damages may be entered in a case of this kind, there must be a general verdict."

The amount of the verdict in that case was $532, the exact amount of the special damages. The decision recited:

"We believe, therefore, that the jury, in disregarding the court's instructions, was guilty of misconduct, and that the court erred in not granting plaintiff a new trial."

■ When the jury returns a verdict which assesses the plaintiff's general damages as "none" or in a nominal amount, but awards substantial special damages, it is apparent that it resorted to compromise. The compromise, in all likelihood, was not confined to the amount of damages but extended to the issue

of the defendant's liability. Cases of that kind represent a failure to decide the basic issue as to whether or not the defendant was liable. Failure to decide that basic issue constitutes misconduct upon the part of the jury. *Cohen v. International Brokerage & Clearing Co.,* 211 App Div 311, 207 NY Supp 449; *Crowe v. Sacks,* 44 Cal2d 590, 283 P2d 689. See, contra, *Ansonia Foundry Co. v. Bethlehem Steel Co.,* 98 Conn 501, 120 A 307.

*Hall v. Cornett,* 193 Or 634, 240 P2d 231, says:

> "The award of nominal general damages and substantial special damages involved an inconsistency. It indicates a compromise verdict and they violated the instructions of the court. The first verdict was therefore not 'such as the Court may receive.'"

In that case, when the jury first returned to the courtroom it announced a verdict for the plaintiff which assessed her general damages at $1.00 and her special damages at $1,006.40. Upon that juncture, the jury was told that its verdict was inconsistent and against the evidence. It was instructed that if it found for the plaintiff it must find an amount which would reasonably compensate her for the damages that she had sustained. Shortly the jury returned a verdict for the plaintiff which assessed her general damages as $300 and her special damages as $707.40. The total of the two was the same as the amount of the first verdict. The jury's persistent attempt to compromise the principal question of the case—liability—was obvious.

We come now to the decision pronounced upon the verdict which was returned in the second cause of action in *Fischer v. Howard,* 201 Or 426, 271 P2d 1059. In that case, the action in which the challenged order was made was based upon two charges of assault and

battery. The complaint averred that the defendant, on June 23, 1950, and again on July 29, 1950, assaulted and beat the plaintiff. For the purported assault of June 23 the complaint sought $100 special, $1,000 general and $2,500 punitive damages. For that of July 29 the complaint demanded $500 special, $7,500 general and $5,000 punitive damages. The answer, in addition to denying the assaults and alleged injuries, pleaded self-defense.

Following is a copy of the verdict which was returned:

"We, the jury duly empaneled in the above entitled cause find for the plaintiff on his first cause of action and fix his damages as follows:

Compensatory damages ....... None

Punitive damages ................... None

and also find for the plaintiff on his second cause of action and fix his damages on the second cause of action as follows:

Compensatory damages .........$ 1.00

Punitive damages ................... 1.00

Special damages ..................... 35.00"

The parties and their counsel were present when the verdict was received. No objection to its form or other features was made.

The circuit court entered judgment for the plaintiff in the total sum of $37. Later, the plaintiff's motion for a new trial was sustained. The defendant appealed and this court reversed. In the course of the first fight the plaintiff suffered a twisted neck, so he swore. He claimed that his injury necessitated the services of a chiropractic physician at an expense of $25 and caused him to lose several days' employment. The

second fight, as reported in our decision, produced the following result:

"According to the plaintiff, he suffered a fractured rib in the second encounter and lost one month from his employment. He paid the physician who treated the fracture $35. The wages which he lost due to the injuries of the second encounter amounted to $300 or slightly more. * * * He swore that he paid a physician who attended to his fractured rib $35, that he lost a month's wages and that his rate of pay was $75 per week 'take home' pay."

The plaintiff recovered damages, as we have said, in the total sum of $37. He had asked for sums in the aggregate of $16,600 for the two assaults. If we consider only the amount of special damages which were sought in both causes of action, we have requests for $600. If we consider only the second cause of action, the plaintiff asked for $500 special damages. It was the belief of the majority, whether rightly or wrongly, that a verdict of only $37 for all three categories of damages was analogous to a verdict for a plaintiff which assesses damages in a nominal sum only. It likened the situation to that in *Snyder v. Portland Railway, Light & Power Co.,* 107 Or 673, 215 P 887, in which a large amount of damages was sought, but only nominal damages [in that case $1.00] were allowed. The Snyder decision said:

"This verdict, however, was virtually a verdict for the defendant. By it the plaintiff was given one dollar more than he was entitled to. But as he was not injured thereby, he cannot complain. He is not entitled to have this verdict set aside and a new trial granted unless, under the same evidence, he would have been entitled to have the verdict set aside if the jury had found a verdict in favor of the defendant."

Thinking that the award of only $37 as damages, when thousands were asked for, could be deemed the grant of a nominal sum only (see 25 CJS, Damages, § 16 and footnote) brought the case within the scope of the rule that when nominal damages only are recovered, the verdict should be deemed one virtually for the defendant, the majority held that the trial court committed error when it sustained the plaintiff's motion for a new trial. The decision confined itself to the powers conferred upon the circuit court by ORS 17.355(2) and made no effort to determine the result which a court should adjudicate in instances in which misconduct was established.

■ Upon reconsideration of the problems which confront court and counsel when an irregular verdict is returned which may fall within the scope of ORS 17.355(2), we are persuaded that the court should not employ the general rule which distinguishes between nominal and compensatory damages, for to do so augments the difficulties. In short, we think that in instances of this kind the term "nominal" damages should be confined to sums which are so small and unrelated to amounts sought that they are unquestionably nominal. *Snyder v. Portland Railway, Light & Power Co.,* supra, is a good illustration of what we have in mind. Accordingly, the parts of *Fischer v. Howard,* supra, which are at variance with the holding just announced must be deemed withdrawn.

■ In the present case, the plaintiff was awarded $399.55, the total amount of the alleged special damages. We believe that the case is similar to *Hall v. Cornett,* supra, which said:

"* * * when we consider the verdict as a whole, we cannot assume that the jury intended a general verdict for the defendant, since they

awarded to the plaintiff $1006.40 as special damages."

In *Snyder v. Amermann,* supra, the jury returned a verdict in favor of the plaintiff in the sum of $532, the exact amount of her alleged special damages, and thereupon the plaintiff appealed from a denial of her motion for a new trial. This court held that the circuit court erred in not granting the motion.

In *Lyons v. Browning,* 170 Or 350, 133 P2d 599, we said:

"The fact that the matter was not called to the attention of the court during the trial, and that there was no request for an instruction limiting the jury in the assessment of damages to the amount proven, is of no importance, for one of the purposes of the new trial statute is to enable the trial judge to correct errors and to cure miscarriages of justice, * * * ."

The circuit court, therefore, did not commit error in setting aside the judgment and ordering a new trial on its own motion.

Affirmed.