Argued May 18, reversed with directions June 22, 1960

MULLINS *v.* ROWE ET UX

353 P. 2d 861

*James B. O'Hanlon*, Portland, argued the cause for appellants. With him on the brief were Mautz, Souther, Spaulding, Denecke & Kinsey and Douglas M. Thompson, Portland.

*Dwight L. Schwab*, Portland, argued the cause for respondent. On the brief were Hutchinson, Schwab & Burdick, Portland.

Before McALLISTER, Chief Justice, and ROSSMAN, PERRY, GOODWIN and HOLMAN, Justices.

GOODWIN, J.

Defendants Rowe appeal from an order of the trial court setting aside a verdict and granting Plaintiff Mullins a new trial.

The only question is whether there was a legal reason for the trial court to grant a new trial. If there was, then his discretion in the matter will not be disturbed on appeal. If not, the order must be reversed and judgment entered on the verdict.

Plaintiff had sued for $35,000 general and $2,582 special damages on a cause of action arising out of an automobile accident. There was a defense of contributory negligence. There were jury questions both with reference to liability and damages. There was evidence that the plaintiff had spent $332 on medical services. The verdict was for the plaintiff in the amount of $332 which was designated by the jury as "general damages", followed by these words: "special damages in the sum of $ None ."

Counsel for both parties were present in court when the verdict was read. The jury was polled and found to be unanimous. The defendant requested that the matter be resubmitted for further consideration upon further instructions on the measure of damages. The plaintiff resisted this procedure and moved instead for a mistrial, and for a new trial. Plaintiff's motions were based upon the proposition that the verdict showed on its face that it was an attempt to award plaintiff the exact amount of her medical bills, which, plaintiff said, should have been designated as special damages, and would then have been an improper verdict under the holding of *Snyder v. Amermann, Jr.*, 194 Or 675, 243 P2d 1082.

In *Snyder v. Amermann,* the jury returned an undesignated verdict for $532, which was the exact amount pleaded, proven, and undisputed for medical expenses and loss of wages. Plaintiff had demanded $8,500 general damages. The trial judge refused to grant a new trial and plaintiff appealed. This court held that it had the authority to designate the $532 as special damages even though the jury had not designated the amount one way or the other. The court then proceeded to award the plaintiff an additional $2,500 general damages so as to avoid a new trial. The opin-

ion undoubtedly summarized Oregon law correctly when it observed that if the verdict was for general damages it would be invulnerable. A verdict for special damages only, however, cannot stand. This court has held a number of times that, before a verdict for special damages may be upheld, the jury first must have made a general finding for the plaintiff, and in an amount greater than mere nominal damages. In other words, before a verdict for special damages can stand, there must be a verdict for substantial general damages. See *Hall v. Cornett et al*, 193 Or 634, 240 P2d 231, which quotes 20 ALR2d 276 with reference to the law generally on this point. The trial court appears to have followed *Snyder v. Amermann* one step further and found that "general" as used by the jury meant "special".

During the trial it developed that $332 was the exact amount of doctor bills claimed to have been incurred by the plaintiff. The defendants controverted the plaintiff's claim that all the bills were chargeable to the accident in question. The court read the amended complaint while instructing the jury, and mentioned $332 as the amount of doctor bills claimed. Defendants saved an exception to the instructions, claiming that the amount of doctor bills should have been withdrawn from the jury entirely as unsupported by any evidence, but they do not now urge error on that account.

■ It may well be true, as contended in the plaintiff's brief and argument, that the jury simply compromised the question of liability and entered a verdict for the doctor bills, but to speculate concerning the mental processes of juries is forbidden the courts under Oregon Constitution, Art VII, § 3. *Van Lom v. Schneiderman*, 187 Or 89, 210 P2d 461, 11 ALR2d 1195. The

constitutional proscription prevents trial judges and this court alike from investigating or questioning verdicts if they are supported by any lawful evidence. Courts sometimes would that it were otherwise.

*Snyder v. Amermann, Jr.,* supra, has been the source of some doubt with reference to our function under the constitution. The decision in *Snyder v. Amermann* proceeded on the theory that in rendering the undesignated verdict for $532 the jury left its work undone and the court was free to seek an explanation of the verdict from the evidence. In adding to the verdict of the jury an item of additional "general" damages, this court exceeded the restraints imposed by the constitution, and the case must be overruled.

In the case before the court today there is no ambiguity. The jury said, "general damages in the sum of $ 332.00." Under the evidence and the clear instructions given by the able trial judge, the jury could have awarded general damages in any amount up to $35,000. Oregon courts are powerless to interfere if the verdict is supported by any evidence. The transcript shows a conflict in testimony on practically every element of the case. We cannot "affirmatively say there is no evidence to support the verdict." See the exposition of the constitutional doctrine in *Van Lom v. Schneiderman,* supra. And see HALL S. LUSK, *Forty-Five Years of Article VII, Section 3, Constitution of Oregon.* 35 Or L Rev 1.

The fact that the amount of the general damages found by the jury and the amount of the doctor bills claimed by the plaintiff are the same lends some degree of cogency to the plaintiff's speculation concerning what may have been in the mind of the jury, but such speculation does not permit the court to set the

verdict aside when there is no error of law in the record.

██ If the plaintiff in the instant case thought the jury meant "special damages" when it said "general damages", the matter could have been clarified on the spot. A party is entitled to his day in court, and to one jury trial. In *Fischer v. Howard*, 201 Or 426, 271 P2d 1059, 49 ALR2d 1301, this court reviewed most of the earlier Oregon decisions, and pointed out the following:

(1) The time to object to a defective verdict, if it is defective, is while the jury is still on hand so that the trial court can resubmit the matter with proper instructions.

(2) An objection not taken when the verdict is returned into court is waived.

(3) The only correct procedure to follow is to re-submit the matter to the same jury.

The fact that the jury might not be generous is a risk assumed by the litigants at the outset of the trial, and is not a valid excuse to obtain the services of a second jury.

Other cases cited by plaintiff in support of the order appealed from are distinguished on their facts. See *State ex rel Amore v. Wilkinson*, 212 Or 236, 319 P2d 893. In that case the trial judge refused to receive a verdict finding for the plaintiff but awarding him no damages. A writ of mandamus was denied. In *Stein v. Handy*, 212 Or 225, 319 P2d 935, the jury gave the plaintiff $1.00 general damages and $395 special damages. The trial court received the verdict and thereafter vacated the judgment on its own motion and granted a new trial. The order granting a new trial was affirmed. The jury had designated $1.00 as general damages and the balance as special damages,

a performance this court has termed misconduct justifying a new trial. *Hall v. Cornett,* supra.

In the case before us the record is free from legal error. The trial judge understandably disagreed with the verdict. But if the verdict was erroneous, it was an error only the jury could remedy.

■ The record discloses sufficient evidence to support a verdict for the plaintiff for general damages in any substantial amount up to the prayer of $35,000. We must conclude that the trial judge had no discretion in the matter and that the verdict must be reinstated and judgment entered accordingly.

Reversed with directions.