Argued July 13, affirmed July 27, 1960

# LOCATELLI *v.* RAMSEY
354 P. 2d 317

*Paul J. O'Hollaren,* Portland, argued the cause and submitted a brief for appellant.

*David P. Templeton,* Portland, argued the cause for respondent. With him on the brief were Herbert Schwab and Dusenbery, Martin, Schwab, Beatty & Parks, Portland.

Before McAllister, Chief Justice, and Warner, O'Connell, Goodwin and Millard, Justices.

GOODWIN, J.

Plaintiff appeals from a judgment entered upon a verdict in his favor in the sum of $270.85 general damages and $229.15 special damages, in an action for personal injuries arising out of an automobile collision.

In the early afternoon of January 16, 1957, the plaintiff, Locatelli, was driving a panel delivery truck south on Milwaukie Street in Portland. The pavement was dry with patches of ice. Cars were parked on both sides of the 34-foot wide street, leaving passage between them for one lane of traffic northbound and one lane southbound. Plaintiff was driving about 15 to 20 miles per hour, with the defendant, Ramsey,

following about two car-lengths behind at a similar speed. A pedestrian stepped out from between two parked cars on the plaintiff's right and started across the street in front of the plaintiff and well away from the nearest crosswalk. Plaintiff stopped suddenly to keep from striking the pedestrian. The defendant stepped on his brake but collided with the rear of the plaintiff's truck. The defendant said his car skidded on the ice.

The plaintiff claimed to have suffered a back sprain of the type commonly alleged as an aftermath of a rear-end collision. The defendant disputed both the allegations of negligence and the allegations of damages. It was stipulated that plaintiff had incurred medical expenses, whether necessary or not, in the sum of $229.50. The defendant denied that the medical expenses had anything to do with the accident.

The jury penciled in damage figures on a verdict form which had been submitted by the plaintiff, as follows:

"We, the jury, being first duly empanelled and sworn to try the issues in this case, do find our verdict in favor of the plaintiff and against the defendant and assess plaintiff's damages in the sum of $....500.00.... special damages, and $....No.... general damages."

The court thereupon sent the jury back to the jury room with a proper instruction that no special damages may be awarded unless the jury first makes an award of general damages. *Mullins v. Rowe,* 222 Or 519, 353 P2d 861; *Fischer v. Howard,* 201 Or 426, 271 P2d 1059, 49 ALR2d 1301.

The second verdict, which was received, also equaled $500 in the combined amounts for general

and special damages. The plaintiff again objected to the verdict, contending that it contained the same defect that was held to be ground for a new trial in *Hall v. Cornett et al,* 193 Or 634, 240 P2d 231. The trial court refused to resubmit the matter, expressing the opinion that to do so would amount to an unauthorized instruction to the jury to go back and bring in a larger verdict for the plaintiff.

No point was made of the difference between $229.50, the total of the medical bills, and $229.15, the amount of special damages awarded by the jury. When it is remembered that the jury was instructed orally, and the testimony was oral, counsel correctly conceded that the error in the jury's recollection of the evidence was inconsequential.

In *Hall v. Cornett et al,* supra, the jury had awarded the plaintiff special damages of $1,006.40, which was the exact amount of the proven medical bills, and $1.00 general damages. The trial court refused to receive the verdict, properly, and sent the jury back to reconsider. After further deliberation, the jury added the $1.00 to the special damages, then subtracted $300 which it designated as general damages, and returned a verdict awarding special damages of $707.40, a sum not supportable by any evidence. This court held that such a verdict contained intrinsic evidence of misconduct and affirmed the order of the trial court granting a new trial.

■ The distinction between the jury's action in the instant case and the jury's action in the *Hall v. Cornett* case is this: In *Hall v. Cornett* the final verdict which the jury rendered after resubmission equaled the proven medical expenses plus one dollar. In the instant case the jury decided that the plaintiff's damages, all together, including the $229.15 medical ex-

penses, amounted to $500. When the court instructed the jury that special damages could not be awarded without general damages, the jury after further deliberation allowed the doctor bills as special damages and the difference between the doctor bills and $500 as general damages. As pointed out in *Mullins v. Rowe,* supra, it is within the power of an Oregon jury to be as generous or as penurious as it sees fit, so long as it remains within the pleadings and proof.

In the instant case the jury had the right to disregard the plaintiff's evidence of claimed medical expenses entirely. It did disregard the plaintiff's evidence of loss of earnings. The fact that it allowed the items of medical expense and a modest sum for general damages may well have indicated a fair evaluation of just compensation. The court is not permitted to look behind a verdict to attempt to divine the motives of the jury. *Mullins v. Rowe,* supra.

The plaintiff assigns error to a number of instructions given by the trial court, but in view of the fact that all of the instructions to which exceptions were taken had reference to liability, and the jury resolved the question of liability in the plaintiff's favor, the remaining assignments of error can be disposed of briefly.

The plaintiff contends here that the instructions contributed to a compromise by the jury on the question of liability which the plaintiff claims resulted in depressing the amount of his damages. This, of course, is speculation.

The evidence was such that the jury could properly have found that the plaintiff suffered no damage whatever. The evidence also would have justified a defense verdict on the question of fault.

The court gave the standard instruction to the

effect that if the jury should find that the sole cause of the accident was the negligence of a third person (the pedestrian in this case) then of course the defendant would not be liable. This was a proper instruction under the issues and the evidence in the case.

The court also instructed on unavoidable accident and emergency. Both instructions are of the type commonly requested by defendants. Both should be given with caution, and only when the evidence clearly makes them applicable. *Frangos v. Edmunds,* 179 Or 577, 607, 173 P2d 596. There was testimony that the sudden stop by the plaintiff on an icy pavement placed the defendant in a position where he had to choose between swerving into the opposite lane and skidding into the plaintiff's truck. As given, both the instruction on unavoidable accident and on the theory of sudden emergency were free from error.

Affirmed.