Argued November 9, reversed with instructions November 30, 1960

# BADEN v. SUNSET FUEL CO.
357 P. 2d 410

*David P. Templeton*, Portland, argued the cause for appellant. With him on the brief were Dusenbery, Martin, Beatty & Parks, Portland.

*Leo Levenson*, Portland, argued the cause for respondent. With him on the brief was Larry Landgraver, Portland.

Before McAllister, Chief Justice, and Perry, O'Connell, Goodwin and Howell, Justices.

## McALLISTER, C.J.

This is an action for damages for personal injuries sustained by plaintiff as a result of defendant's alleged negligence. The jury returned a verdict for plaintiff and judgment was entered thereon. The plaintiff moved for a new trial because of alleged misconduct of the jury in arriving at its verdict. The court below set aside the judgment and granted a new trial. Defendant appeals.

Plaintiff testified that she sustained sprains, contusions and abrasions of various parts of her body. Her most serious injuries were a sprain of the left wrist and a bad bruise on the left leg. Plaintiff's forearm was placed in a splint which she wore for about

six weeks. Plaintiff testified that she incurred a doctor's bill in the sum of $155.50 and a loss of wages amounting to $300.

The jury returned a verdict for $455.50 special damages, and $100 general damages. Neither the parties nor their counsel were present when this verdict was returned. The court refused to accept the verdict and according to the bill of exceptions, "advised the jury that the general damages awarded were nominal and inadequate and instructed the jury to return and deliberate again and either modify that verdict or return a verdict for the defendant."

The jury retired and after further deliberation, returned a verdict awarding plaintiff $400 general damages and $155.50 special damages. This verdict was received and judgment entered thereon. Thereafter, the trial court, upon the motion of plaintiff, set aside the judgment and granted a new trial. From this order, the defendant appeals.

■ We believe the court erred when it refused to receive and file the first verdict. The trial judge apparently had in mind the well-established rule that in order to support an award of special damages there must be an award of more than nominal general damages. *Mullins v. Rowe,* 222 Or 519, 353 P2d 861; *Locatelli v. Ramsey,* 223 Or 238, 354 P2d 317; *Stein v. Handy,* 212 Or 225, 319 P2d 935; and *Hall v. Cornett,* 193 Or 634, 240 P2d 231.

■■ Nominal damages are generally described as a trivial sum of money. *Hall v. Cornett,* supra; 15 Am Jur 392, Damages § 5; 25 CJS 471, Damages § 16; and McCormick on Damages § 21, p 87. Even in this day we believe an award of $100 is more than nominal damages. The following cases so hold. *Gould v. Mountain States Telephone & Telegraph Co.,* 6 Utah

187, 309 P2d 802 (1957-$75); *Lucas v. Morrison* (Tex Civ App) 286 SW2d 190 (1956-$100); *Moyer v. Cordell,* 204 Okla 255, 228 P2d 645 (1951-$105); *People v. Giacobbi,* 83 Cal App 12, 256 P 299 (1927-$100); and *Broads v. Mead,* 159 Cal 765, 116 P 46 (1911-$100).

Although we hold that the first verdict should have been received and filed, we still must determine whether the subsequent events entitle plaintiff to a new trial.

In arriving at its second verdict, the jury merely transferred $300 from the special damages which it had originally awarded and added that sum to the original award of general damages. Plaintiff argues that in so doing the jury was guilty of the same misconduct condemned in *Hall v. Cornett,* supra. In that case the jury had returned a verdict for plaintiff for general damages of $1 and special damages of $1,006.40, or a total award of $1,007.40. The court refused to receive the verdict and instructed the jury that if they found for the plaintiff they must award an amount which would reasonably compensate her for the damages which she had sustained. After further deliberation the jury returned a verdict for $300 general damages and $707.40 special damages, being the same total amount as its first verdict. The trial court received and filed the second verdict and entered judgment thereon but thereafter, upon motion of the plaintiff, set the judgment aside and granted a new trial. This court affirmed on the ground that the jury "had stubbornly adhered to what was apparently a compromise verdict between some who found liability and others who found none."

The case at bar differs factually from the *Hall* case in that here the court erred in resubmitting the case to the jury. However, the conduct of the jury in both

cases was similar. In each case the court instructed the jury that the award of general damages was insufficient to support the verdict for special damages. In each case the jury was directed to reconsider the case with instructions that if they found for plaintiff they must award more than nominal general damages. In each case the jury, instead of actually increasing its award of general damages, merely transferred to general damages a portion of the amount originally awarded as special damages. Although this was a literal compliance with the instructions of the court, it was condemned in the *Hall* case as a stubborn adherence to an invalid verdict. The court found in the conduct of the jury intrinsic evidence of misconduct. It follows that if, in the case at bar, the court had properly resubmitted the case to the jury our decision here would be controlled by *Hall v. Cornett*, supra.

■■ We come now to the question of whether under the facts of this case the misconduct of the jury entitles plaintiff to a new trial. It is a familiar precept that not every error entitles a litigant to a new trial but only error which has resulted in prejudice to him. ORS 19.125(2) provides that "No judgment shall be reversed or modified except for error substantially affecting the rights of the parties." See also *Edvalson v. Swick*, 190 Or 473, 483, 227 P2d 183; *Tycer v. Hartsell*, 184 Or 310, 317, 198 P2d 263; and *Christenson v. Nelson*, 38 Or 473, 479, 63 P 648. It is also a well-settled rule that where the error of the court favored the appellant, he can not complain of such error on appeal. *State v. Libbey*, 224 Or 431, 356 P2d 161; *Kerns v. Couch et al.*, 141 Or 147, 166, 12 P2d 1011, 17 P2d 323; *Conrad v. Sauers et al.*, 138 Or 201, 5 P2d 1062; *Davis v. Bush & Lane Piano Co.*, 124 Or 591, 265 P 417; *Emmons v. Southern Pac. Co.*, 97 Or

263, 191 P 333; and *Waller v. City of New York Ins. Co.*, 84 Or 284, 164 P 959.

■ We think the error of the court in refusing to receive the first verdict was favorable to the plaintiff. She had the advantage of a reconsideration of the case by the jury in the light of the court's admonition that the general damages originally awarded were nominal and inadequate. The plaintiff was not prejudiced by the resubmission of the case to the jury because the second verdict awarded her the same amount she would have received if the court had accepted and filed the first verdict which, as we have pointed out, should have been received. We think it would be unfair to grant plaintiff a new trial when neither the error of the court nor the misconduct of the jury resulted in any prejudice to her.

■■ Plaintiff also contends that the order granting a new trial should be sustained because the court erred in submitting the question of contributory negligence to the jury and this alleged error was assigned as one ground of her motion. It is the rule that an order granting a new trial will not be reversed if it should be sustained on any ground in the motion whether referred to in the order or not. *Hillman v. North. Wasco Co. PUD*, 213 Or 264, 275, 323 P2d 644. However, in this case, the jury, in finding for plaintiff, necessarily found that she was not contributorily negligent and any alleged error in submitting this issue to the jury was cured by the verdict. See *Howe v. Holger*, 206 Or 293, 297, 291 P2d 731 and *Brown, Adm'x, v. Gessler et al.*, 191 Or 503, 520, 230 P2d 541.

The judgment is reversed with instructions to reinstate the judgment for plaintiff.