Argued January 11, affirmed March 28, 1963

## SEDILLO *v.* CITY OF PORTLAND ET AL

380 P. 2d 115

*Theodore S. Bloom,* Portland, argued the cause for appellant. On the brief were Bloom & Martindale, Portland.

*David P. Templeton,* Portland, argued the cause for respondents. With him on the brief were Dusenbery, Martin, Beatty & Parks and John C. Beatty, Jr., Portland.

Before McALLISTER, Chief Justice, and PERRY, O'CONNELL, DENECKE and LUSK, Justices.

DENECKE, J.

The plaintiff was injured in a rear-end collision with a car operated by the defendant Selfridge. The jury awarded him $500 for his injuries.

The court withdrew from the consideration of the jury an allegation of damages that a pre-existing ulcer was aggravated by the collision. This withdrawal is assigned as error.

Appellant's position is:

"Even though the doctors [testifying on plaintiff's behalf] testified that in their opinion with reasonable medical certainty the ulcer was formed after the accident, they could not say this definitely, and the jury could have chosen to disbelieve the doctors, and find that the ulcer had actually formed at some time prior to and was merely aggravated by the accident."

To establish the presence or absence of an ulcer requires medical testimony. The jury cannot speculate on this question in the absence of such testimony. This assignment has no merit.

■ The second assignment of error is directed to the court's instruction regarding an ulcer. At the beginning of its instructions, when it was discussing the pleadings, the court instructed the jury that it could not award the plaintiff any damages by reason of aggravation of a pre-existing ulcer. Near the close of the instructions, when it was instructing on the subject of damages, the court instructed the jury as follows:

"* * * Plaintiff admittedly had an ulcer prior to November 20, 1959, and he alleges aggravation of this condition by reason of the creation of a new ulcer in the same area, caused by the defendant's negligence in this case. If you find that plaintiff is entitled to recover damages for bodily injury as a result of the accident, and you find an ulcer was created as a direct and proximate result of defendant Selfridge's negligence, if any, then the plaintiff would be entitled to recover for such condition as an aggravation of a pre-existing condition. However, if you find that plaintiff's pre-existing condition was not aggravated by this accident, or that such alleged injury was not proximately caused by the negligence of the defendant Selfridge, if any,

then you are not to award plaintiff any damages for disability, pain, or expense, if any, caused by the alleged aggravation."

Plaintiff's complaint about this instruction, as stated in his brief, is as follows:

"Reducing these instructions to their bare essentials, the Court instructed the jury, first, that they could not award the plaintiff any damages for aggravation of a previously existing ulcer. In the instruction last quoted, the Court stated that if they found a new ulcer was created as a result of the defendant's negligence, then the plaintiff could recover damages for such condition only as an aggravation of a pre-existing condition. In other words, even if the jury did find that there was a new ulcer created, they would still be unable to award any damages because they were told that plaintiff could only recover damages if the new ulcer aggravated a previously existing condition. This, in effect, left nothing for the jury to consider regarding the ulcer."

The instruction was not a simple, easy to understand, statement; but neither was the testimony. The physicians testifying in plaintiff's case made the same distinction the instruction makes—plaintiff did not have an aggravated pre-existing ulcer; he had a new ulcer caused by an aggravation of a pre-existing condition. The giving of the instruction was not error.

The last assignment of error was directed toward the form of verdict. The jury was given a plaintiff's verdict form which did not segregate special and general damages. (This, of course, is unobjectionable.) The jury returned a plaintiff's verdict in which there was inserted in the blank for the amount of damages, "$537.85." This was the amount of special damages alleged in the complaint. There was evidence to sup-

port this amount. The plaintiff objected to the verdict and the jury was "reinstructed in the law concerning verdicts" and again sent out to deliberate. (Order Correcting Transcript) The jury returned with the same verdict form with the "$537.85" crossed out and "$500.00" inserted. Under this amount was inserted the word, "General." There is a notation on the verdict, "No Specials." The record does not show who made the last notation. However, it appears that it probably was made by the trial court clerk.

■ A verdict for special damages without an award of general damages is an improper verdict.

■ We conclude that the first verdict was not an improper verdict and should have been received. *Mullins v. Rowe et ux,* 222 Or 519, 353 P2d 861 (1960), presented a stronger case than that which would have been presented if only the first verdict here were to be considered. There, the verdict recited that the amount was for general damages. Here, the amount had no designation. However, in *Mullins v. Rowe et ux,* supra, as here, the amount of the verdict was the exact amount of the special damages claimed by the plaintiff and for which amount there was supporting proof. This court held that the trial court erred in setting aside the verdict.

In *Snyder v. Amermann, Jr.,* 194 Or 675, 243 P2d 1082 (1952), the amount of the verdict was exactly the amount claimed for special damages and was supported by some evidence. The verdict did not designate whether the amount was for special or general damages. The court said that the amount of the verdict was exactly the "uncontradicted" amount of the proved special damages. The court interpreted the defendant's position to be an acknowledgment that the verdict was one for special damages. The court then

found the verdict to be a verdict for special damages only and, therefore, improper. It went on to fix plaintiff's general damages in the amount of $2,500. We have subsequently overruled that part of *Snyder v. Amermann, Jr.,* supra, in which the court took upon itself the duty of determining the general damages. *Stein v. Handy,* 212 Or 225, 319 P2d 935 (1957).

*Snyder v. Amermann, Jr.,* supra, is further limited to those cases in which the court finds that the amount of the verdict was that amount which the jury would necessarily have had to award as special damages. If the jury could find that items claimed as special damages were not attributable to defendant's fault, were expenses incurred which were not reasonably necessary, or were expenses for which unreasonable charges were incurred, then the *Snyder* case is not applicable.

■ Here, there was an important question of whether or not much of plaintiff's medical expense was occasioned by the collision. Defendant urged that no ulcer was caused by the collision. The jury might not have awarded plaintiff the amount claimed, $537.85, as special damages. Because the amount of the verdict was the amount of the claimed specials, we could speculate that the verdict was one only for special damages. We could also speculate with as much certainty that the jury did not find that the plaintiff was entitled to recover the entire amount of his claimed special damages but that it was unable to determine just how much of the specials he was entitled to recover. Therefore, the jury awarded plaintiff the verdict of $537.85, intending an undetermined part to be special damages and the remainder to be general damages. This jury was instructed it could consider the amount of special damages only after it determined that the plaintiff was entitled to general damages. The presumption is

that juries perform their duties correctly. *State v. Reed*, 52 Or 377, 389, 97 P 627 (1908).

■ The first verdict should have been received as a valid verdict, as the first verdict was one the jury could properly return. Their return of the second verdict was not misconduct. See *Baden v. Sunset Fuel Co.*, 225 Or 116, 357 P2d 410 (1960).

Amended Art VII, § 3, of the Oregon Constitution, provides that if, "the judgment appealed from should be changed, and the supreme court shall be of opinion that it can determine what judgment should have been entered in the court below, it shall direct such judgment to be entered in the same manner and with like effect as decrees are now entered in equity cases on appeal to the supreme court."

■ Inasmuch as we hold the first verdict was proper, under the above provision we normally would enter judgment in accordance with the first verdict. *Forest Products Co. v. Dant & Russell*, 117 Or 637, 651, 244 P 531 (1926). However, because the appellant was responsible for the trial court's rejecting the first verdict, he should not profit by its reinstatement.

Judgment affirmed.

McALLISTER, C. J., specially concurring.

I concur in the result of the majority opinion, but disagree with its conclusion concerning the two verdicts returned by the jury. In this case plaintiff filed a second amended complaint in which he alleged that he had incurred "medical and hospital expenses in the sum of $———," and also alleged that he had sustained loss of wages. The court in its instructions advised the jury that plaintiff alleged in his second amended complaint that he had incurred medical and

hospital expenses in the sum of $517.85. The court also said:

"* * * I have written that sum in, based upon the testimony received here, and initialed it. And there is an additional statement, 'and will continue to incur the same in the future.' That relates to the medical and hospital expenses. Because there was no direct testimony on that, I have withdrawn that and marked it so on the pleadings. And he alleges that as a result of the injuries, he lost two days of work in the value of $20.00. And then comes the prayer."

The jury was instructed that if it found that plaintiff was entitled to general damages it should then determine the amount of special damages, if any, sustained by plaintiff. Unfortunately the jury was furnished a form of verdict which did not provide for the segregation of the general and special damages. The jury returned a verdict for the plaintiff in the sum of $537.85, which was the exact total of the two sums of $517.85 and $20.00, both written in the complaint by the court.

The plaintiff objected to the verdict on the ground that the jury had found only special damages without any award for general damages. The objection was sustained by the trial judge, who refused to receive the verdict and gave the jury further instructions concerning the verdict. The jury then returned and after further deliberation returned a verdict awarding plaintiff $500 general damages. The plaintiff objected to the second verdict, but the objection was overruled, the verdict received, and judgment entered thereon.

In my opinion the trial court did not abuse its discretion in refusing to receive the first verdict, which obviously was an award of the special damages claimed

without any supporting award of general damages. This violation of his instructions was particularly obvious to the trial judge, who had penciled on the complaint the amount of special damages supported by any evidence and had called the figures to the attention of the jury. The trial court followed the course repeatedly recommended by this court when it resubmitted the case to the jury after seasonable objection was made. In the recent case of *Mullins v. Rowe,* 222 Or 519, 353 P2d 861 (1960) we said, at 222 Or 524:

> "If the plaintiff in the instant case thought the jury meant 'special damages' when it said 'general damages', the matter could have been clarified on the spot. A party is entitled to his day in court, and to one jury trial. In *Fischer v. Howard,* 201 Or 426, 271 P2d 1059, 49 ALR2d 1301, this court reviewed most of the earlier Oregon decisions, and pointed out the following:
>
> "(1) The time to object to a defective verdict, if it is defective, is while the jury is still on hand so that the trial court can resubmit the matter with proper instructions.
>
> "(2) An objection not taken when the verdict is returned into court is waived.
>
> "(3) The only correct procedure to follow is to resubmit the matter to the same jury."

It seems strange that we are now criticizing the trial court for following a course which we have oft recommended.

The second verdict for general damages was a proper verdict and the trial court did not err in receiving it and entering judgment thereon.

I concur in the result.