Argued September 16, 1964, affirmed February 24, 1965

FLANSBERG *v.* PAULSON ET AL

399 P. 2d 356

*Fred Allen,* Newport, argued the cause for appellants. With him on the brief was Leo Levenson, Portland.

*Henry W. Devlin,* McMinnville, argued the cause for respondent. With him on the brief was Cummins & Devlin, McMinnville.

Before McALLISTER, Chief Justice, and PERRY, O'CONNELL, DENECKE and LUSK, Justices.

McALLISTER, C. J.

The plaintiff, Ellen Flansberg, brought this action to recover damages for personal injuries allegedly sustained when the automobile in which she was riding was struck from the rear by an automobile operated by the defendants. The court granted a mistrial because of what it deemed misconduct of the jury in arriving at its verdict, and defendants appeal. Defendants contend that the court should have entered judgment for plaintiff on the second of two verdicts returned by the jury.

In her amended complaint the plaintiff alleged that her injuries consisted "of shock to the nervous system, strain of the posterior cervical muscles and ligaments, strain of the anterior cervical muscles and strain of the rhomboid muscles." She further alleged that she had incurred medical, hospital and drug expenses totaling $245.65, and had lost wages in the sum of $70., and prayed for special damages of $315.65 and general damages of $10,000. The court instructed the jury that if it found that plaintiff was entitled to damages it should first determine the amount of general damages suffered by plaintiff. The court further

instructed that if the jury found that plaintiff was entitled to general damages, it should then determine the amount of special damages, if any, sustained by her. The jury was given a form of verdict with blank spaces in which to insert the amount of any general and special damages awarded.

■ The jury first returned a verdict in favor of plaintiff and assessed special damages of $315.65, but assessed no general damages. The court rejected the verdict in accord with the established rule that in order to support an award of special damages there must be an award of general damages. *Sedillo v. City of Portland*, 234 Or 28, 380 P2d 115 (1963); *Baden v. Sunset Fuel Co.*, 225 Or 116, 357 P2d 410 (1960), and cases there cited. The court again instructed the jury that if it found that plaintiff was entitled to damages, it should first determine the amount of general damages sustained by plaintiff, and then determine the amount of her special damages, if any. The jury retired and after further deliberation returned with a new verdict, again finding in plaintiff's favor and assessing general damages in the sum of $315.65, but assessing no special damages. As stated above, $315.65 was the exact amount of special damages alleged by plaintiff, and the exact amount assessed as special damages in the first verdict. The court refused to accept the verdict and declared a mistrial.

The trial judge in refusing to accept the second verdict followed a course approved by this court in *Hall v. Cornett*, 193 Or 634, 240 P2d 231 (1952), *Stein v. Handy*, 212 Or 225, 319 P2d 935 (1957), and *Baden v. Sunset Fuel Co.*, 225 Or 116, 357 P2d 410 (1960). In *Hall v. Cornett* the jury had returned a verdict in favor of the plaintiff for general damages of $1.00 and special damages of $1,006.40, or a total award of

$1,007.40. The court refused to receive the verdict and instructed the jury that if it found for the plaintiff it must award an amount which would reasonably compensate her for the damages which she had sustained. After further deliberation the jury returned a verdict of $300 general damages and $707.40 special damages, being the same total amount as its first verdict. The trial court received the second verdict and entered judgment thereon, but thereafter on motion of the plaintiff set the judgment aside and granted a new trial. This court affirmed on the ground that the jury had "stubbornly adhered to what was apparently a compromise verdict between some who found liability and others who found none." 193 Or at 646-7.

■ In *Stein v. Handy,* supra, the jury awarded plaintiff general damages of $1.00 and special damages of $399.55, the exact amount of the doctor, hospital and ambulance bills incurred by her. The court received the verdict and entered judgment upon it. Two days later, upon its own motion, the trial court set aside the judgment and granted plaintiff a new trial. We affirmed, pointing out that ORS 17.630 authorizes the trial judge to set aside a judgment and grant a new trial if the verdict resulted from misconduct of the jury.

In *Baden v. Sunset Fuel Co.,* supra, the jury awarded plaintiff general damages of $100 and special damages of $455.50. The trial judge, believing that $100 was a nominal award of general damages, refused to accept the verdict and instructed the jury to either modify that verdict or to return a verdict for defendant. After further deliberation the jury awarded plaintiff general damages of $400 and special damages of $155.50. This verdict was received and a judgment

entered thereon. Thereafter the trial court set aside the judgment and granted a new trial. We held that the original award of $100 general damages was more than nominal and that the first verdict should have been received. In considering whether the error of the court in resubmitting the case to the jury entitled plaintiff to a new trial we pointed out that the conduct of the jury in *Baden* was similar to the conduct of the jury condemned in *Hall v. Cornett,* supra. We said:

"* * * In each case the court instructed the jury that the award of general damages was insufficient to support the verdict for special damages. In each case the jury was directed to reconsider the case with instructions that if they found for plaintiff they must award more than nominal general damages. In each case the jury, instead of actually increasing its award of general damages, merely transferred to general damages a portion of the amount originally awarded as special damages. Although this was a literal compliance with the instructions of the court, it was condemned in the *Hall* case as a stubborn adherence to an invalid verdict. The court found in the conduct of the jury intrinsic evidence of misconduct. It follows that if, in the case at bar, the court had properly resubmitted the case to the jury our decision here would be controlled by *Hall v. Cornett,* supra." 225 Or at 120.

In *Baden* we held that because the second verdict was in the same total amount as the first verdict, plaintiff had not been prejudiced by the resubmission of the case to the jury, and ordered a judgment entered on the first verdict.

In the case at bar, defendant contends that the second verdict was valid and that a judgment in favor of plaintiff for $315.65 should have been entered. De-

fendant relies on *Sedillo v. City of Portland,* 234 Or 28, 380 P2d 115 (1963), *Locatelli v. Ramsey,* 223 Or 238, 354 P2d 317 (1960), and *Mullins v. Rowe,* 222 Or 519, 353 P2d 861 (1960), but those cases are not controlling here.

In *Mullins v. Rowe,* supra, the jury in the first instance, awarded plaintiff general damages of $332 and no special damages. The $332 was the exact amount of the doctor bills claimed by the plaintiff. The court received the verdict and entered judgment thereon, but thereafter granted a new trial. This court reversed and said that both the trial court and this court were forbidden to speculate concerning the mental process by which the jury fixed the general damages in the exact amount of the claimed special damages. This court made it clear, however, that it was not overruling either *Hall v. Cornett,* which was cited with approval, or *Stein v. Handy,* which was distinguished.

In *Locatelli v. Ramsey,* supra, the jury first awarded plaintiff $500, which was all designated as special damages, although the parties had stipulated that the plaintiff "had incurred medical expenses, whether necessary or not, in the sum of $229.50." The trial court rejected the verdict because it was an award of special damages without a supporting award of general damages. The jury then split up the $500, and awarded $229.15 as special damages and $270.85 as general damages. On appeal this court affirmed, and pointed out the distinction between *Locatelli* and *Hall v. Cornett* as follows:

> "The distinction between the jury's action in the instant case and the jury's action in the *Hall v. Cornett* case is this: In *Hall v. Cornett* the final verdict which the jury rendered after resubmission

equaled the proven medical expenses plus one dollar. In the instant case the jury decided that the plaintiff's damages, all together, including the $229.15 medical expenses, amounted to $500. When the court instructed the jury that special damages could not be awarded without general damages, the jury after further deliberation allowed the doctor bills as special damages and the difference between the doctor bills and $500 as general damages. As pointed out in *Mullins v. Rowe,* supra, it is within the power of an Oregon jury to be as generous or as penurious as it sees fit, so long as it remains within the pleadings and proof." 223 Or at 241-2.

In *Sedillo v. City of Portland,* supra, the jury first awarded the plaintiff $537.85 in a verdict which did not segregate general and special damages. The amount awarded was the amount of special damages alleged in the complaint. The trial court rejected the verdict and sent the jury out again. The jury returned the same verdict form with the $537.85 crossed out and $500 inserted, under which was written the word "General." The verdict as revised was received and judgment entered thereon. This court affirmed, but in a dictum said that the first verdict was a valid verdict under the rule announced in *Mullins v. Rowe,* and should have been received.

It appears that in *Mullins v. Rowe,* supra, and in the dictum in *Sedillo v. City of Portland,* this court has held in effect that if a jury in the first instance awards the plaintiff more than nominal damages, either designating the award as general damages or without designating the award as either general or special damages, the verdict should be received and a judgment entered thereon, even though the amount awarded is the same as the amount of special damages claimed or proved by plaintiff.

■ On the other hand, there has been no deviation from the rule that if a jury improperly brings in a verdict for special damages without an award for general damages, and then stubbornly attempts to adhere to its invalid verdict in disregard of the instructions from the court, the trial judge may, in his discretion, declare a mistrial.

■ In the case at bar, the court did not receive the second verdict and enter judgment thereon, but immediately rejected the verdict and declared a mistrial. In *Baden v. Sunset Fuel Co.,* supra, we condemned as "a stubborn adherence to an invalid verdict" the conduct of a jury in merely transferring "to general damages a portion of the amount originally awarded as special damages." In this case, the jury, instead of transferring to general damages only a portion of the amount originally awarded to special damages, transferred the entire amount. The trial judge apparently concluded that the jury was trying to comply with the letter of his instructions, while stubbornly adhering to its decision to award plaintiff only her special damages and no general damages. We think the trial judge was not required to condone this defiant disregard of his instructions. He did not err in rejecting the verdict and granting a mistrial.

The line between the rule enunciated in *Hall v. Cornett,* supra, and the later rule of *Mullins v. Rowe,* supra, may be narrow, but it is discernible. The rationale for the *Hall v. Cornett* rule was best stated by Lusk, J., in his dissent in *Fischer v. Howard,* 201 Or 426, 271 P2d 1059 (1954), at 201 Or 476,[1] a dissent

---

[1] "To my mind the most serious implication of the court's decision does not arise from the overruling of established precedents—which is sometimes desirable—but from the further inroads made by the court upon the already too greatly diminished powers

which has acquired greater prestige since this court was finally persuaded to "withdraw" the part of *Fischer v. Howard* against which the dissent was directed. See *Stein v. Handy,* supra, 212 Or at 234.

The judgment of the trial court is affirmed.

O'CONNELL, J., dissenting.

It is obvious from our cases and from those in other jurisdictions that juries, fully instructed in the plaintiff's right to damages in personal injury cases, frequently feel that an award of so-called special damages is by itself adequate to compensate the plaintiff for his entire loss.[1] Moreover, these reported cases undoubtedly constitute a very small portion of all the cases in which a jury awards only the amount of special damages sought. The fact that juries commonly make such an award despite the existence of obvious elements of "general" damages suggests, perhaps, that the rule forbidding such a practice (when it can be detected by the form of the verdict) ignores the realities of everyday life and should be re-examined.

---

of the trial judges of this state. See *Van Lom v. Schneidermann,* supra, 187 Or 113. When the Constitution unduly limits judicial power we must accept it. But we should be careful about using our own prerogative in such a way as to impose unwarranted restraints on the authority of the courts where the cases are actually tried. Whatever room for differences of opinion there may be about the proper construction of the verdict on the first cause of action in this case, there can be none—and none is suggested—about the invalidity of the verdict on the second cause of action—that it is inconsistent, an improper compromise verdict, contrary to the instructions of the court, and such a verdict as should not have been received. Yet this court now says that, simply because counsel did not speak when he might have spoken, the judge who presided over the trial was without the power to set aside a judgment based upon such an illegal verdict. That, as I view it, is a mistaken and unfortunate exercise of power on our part."

[1] See cases cited in Anno., 20 ALR2d 276 (1951).

Nothing in the nature of things requires jurors or anyone else to conceive of personal injury damages in two forms, viz., general and special. The average juror apparently does not make this distinction but feels, rather, that his function is performed if he arrives at a figure which will compensate the plaintiff or punish the defendant (or accomplish that which jurors seek to accomplish by fixing an award).[e]

The question presented by this appeal, and one which the majority does not attempt to answer, is whether or not the jury should be permitted to award a plaintiff damages equivalent to only his medical expenses, his loss of earnings, or both.

It seems to be suggested that special damages are a form of consequential damages and that if the jury finds no basic damage there is no source from which consequential damages can flow. Certainly the plaintiff is not entitled to recover medical costs or loss of earnings unless he is injured. And so it is proper to say that such damages are a consequence of the injury.

Precisely the same thing may be said about general damages—they too must be a consequence of the injury. But neither type of damages flows from the other; each measures a distinct type of invasion of the plaintiff's interest. Recovery of damages for medical costs is allowed because defendant has impaired the plaintiff's physical condition—his bodily integrity. The damages represent the cost of rehabilitating, as far as possible, the physical or bodily condition of the plaintiff. Recovery of damages for pain and suffering is allowed because defendant has caused pain and suffering by inflicting a physical impairment upon the plaintiff. If one of these must precede the other, it is

[e] Kalven, The Jury, The Law, and The Personal Injury Damage Award, 19 Ohio St L J 158 (1958).

more reasonable to say that the damages which the courts have denominated "special" should be regarded as precedent because pain and suffering flow from physical impairment rather than the converse.

If the jury is to be criticized for returning a verdict for "special" damages in a certain amount and nothing as "general" damages, the ground of criticism should be not that the "special" damages lack a foundation or an antecedent, but that the jury has allowed nothing for pain and suffering or impairment of earning capacity. However, before the verdict would be subject to attack on this latter ground one would have to assume that the jury is required to find that pain and suffering or impairment of earning capacity was present in the case. In some of the cases the impropriety of the verdict allowing only special damages is explained on this ground, i.e., that nothing has been allowed for pain and suffering or impairment of earning capacity.[9] Adopting this reasoning, if a verdict allowing special damages and no general damages is unacceptable, a verdict allowing general damages and no special damages should also be unacceptable. This should clearly be the result where, as in *Mullins v. Rowe*, 222 Or 519, 353 P2d 861 (1960), the jury has returned a verdict for general damages in the exact amount of the claim for special damages. In such a case it is obvious that the jury has identified the medical costs (and loss of earnings, if any) with the plaintiff's injury, and by adopting the figure as the measure of general damages has tacitly recognized that such expenditures or losses were reasonably incurred. To say otherwise would be to put a strain on the coincidence too great for it to bear. If a verdict for general damages is good in the case just put, a verdict for

[9] *E.g., Hall v. Cornett et al*, 193 Or 634, 240 P2d 231 (1952).

special damages without general damages should also be good for the same reason.

If we continue to insist that the jury think of plaintiff's recovery in terms of general and special damages, there is of course a justification on theoretical grounds for the requirement that both types of damages must be allowed by the jury if proven. But if the jury returns a verdict awarding special damages and no general damages, it is possible that the jury has decided that the plaintiff did not suffer pain to an extent warranting compensation. The rule applied in the majority opinion seems to be based upon the assumption that pain and suffering is always present in personal injury cases. It has also been assumed that where the jury does award something as general damages, the court is able to determine whether the amount awarded in fact represents general damages or is merely a "nominal" amount.

The case of *Van Lom v. Schneiderman*, 187 Or 89, 210 P2d 461, 11 ALR2d 1195 (1949) holds that we cannot set a verdict aside on the ground that we regard it as excessive. Are we not equally bound by a verdict which we regard as being at the other end of the spectrum, i.e. where in our judgment it is inadequate? In the present case the majority opinion cites with approval cases holding that we can set the verdict aside for inadequacy. We have done this through the legal legerdemain of classifying the amounts at the bottom of the damage scale as "nominal" damages; we say that nominal damages are, in fact, no damages at all, as in the cases where the plaintiff is given nominal damages simply as a token to symbolize the invasion of his interest. But this explanation is less than satisfying when one remembers that in most personal injury cases the only thing the

jury is attempting to measure under the heading of general damages is pain and suffering, an element of damages admittedly not measurable in money. If the jury awards $100 as general damages, we hold that this is not nominal.[④] But suppose the award is $50. Is that enough? Or $25? Or $10? Are these substantial? How can we say that the jury gave less than enough to compensate the plaintiff for pain and suffering when there is no money equivalent for it?

It seems to me that our treatment of this problem is unsatisfactory and that we should adopt a rule which is more in common with the way that juries actually measure damages in personal injury cases. The University of Chicago jury study seems to show that juries do not make nice calculations as to what should be allowed for the separate elements of damages as we have refined them, but rather they see the amount of the verdict as a unit not identified with its parts, in other words, in the form of a gestalt.[⑤]

It appears from our previous cases that no matter how strongly the jury is admonished by the trial judge not to use the claim for special damages as the full measure of recovery, the jury tries to use it anyway by allocating a part of the special damages to general damages.[⑥] If the jury makes the right move in this game of numbers, the court can do nothing about it because in that event there is no way to detect how the jury reached its conclusion. I believe the records would show that no matter how hard the court tries to force the jury to reconsider its measurement of

---

[④] Baden v. Sunset Fuel Co., 225 Or 116, 357 P2d 410 (1960).

[⑤] Kalven, The Jury, The Law, and The Personal Injury Damage Award, 19 Ohio St L J 158 (1958).

[⑥] Hall v. Cornett et al, 193 Or 634, 240 P2d 231 (1952). Cf., Baden v. Sunset Fuel Co., 225 Or 116, 357 P2d 410 (1960). The instant case provides an even more extreme example.

damages, the utimate result is pretty much the same. It does not appear, therefore, that the rule we have adopted is worth its salt considering the additional load that it imposes upon the judicial machinery of this state in the form of retrying cases and reviewing them on appeal.

It is time, I think, to face up to the practicalities of this situation and hold that if the jury is thoroughly instructed on the measure of plaintiff's damages, the verdict will not be disturbed for failure to attribute a dollar amount to the separate categories of general and special damages.

I would hold in the present case that the verdict first returned by the jury should have been received.