[No. 32203. Department One. November 6, 1952.]

ARTHUR FLEMING, *Respondent,* v. E. A. DEWITT, *Appellant.*[1]

*White & White,* for appellant.

*Horrigan, Merrick, Peterson & Merrick* and *Florence Mayne Merrick,* for respondent.

GRADY, J.—This action was instituted by respondent to recover damages arising out of personal injuries claimed to have been sustained as a result of falling into a concealed pit upon the premises of appellant.. The jury awarded a verdict for hospital and medical expenses, but denied recovery for personal injuries and loss of wages. Upon denial of motions of appellant for a judgment notwithstanding the verdict or a new trial, judgment was entered from which this appeal has been taken.

By his assignments of error, appellant challenges the legal sufficiency of the evidence to support a finding by the jury

[1]Reported in 249 P. (2d) 776.

that he was negligent in the manner in which he maintained his premises. The appellant asserts that the evidence disclosed that negligence of respondent contributed to his injuries, and that his status on the premises of appellant was that of licensee rather than that of invitee as claimed by respondent.

The evidence, although conflicting, must be viewed in a light most favorable to respondent, and we must give consideration to permissible inferences to be drawn from such evidence in our determination of whether the court erred in denying the motion of appellant for a judgment notwithstanding the verdict of the jury. Evidence was submitted which, if believed and accepted by the jury, was sufficient to establish the following factual situation:

Respondent resided on a farm near the one operated by appellant. In August, 1947, respondent went to the residence of appellant to seek his assistance in caring for a crop of alfalfa. Appellant was not able to render such assistance at that time, but informed respondent that if he would help appellant about his premises while certain farm work was being completed, appellant would care for the alfalfa. Respondent did such work as cutting ditches and otherwise assisting in irrigating. He did cooking, washed the dishes, and furnished some of the groceries.

The house on appellant's farm had a front porch with some steps leading to the surface of the ground. There was a pit a few feet from the lower step. Weeds had grown up around the edge of the pit. Respondent was not aware of the presence of the pit. The house was so situated that more use was made of the rear entrance than of the one at its front.

On the evening of August 6, 1947, respondent gathered some scraps of meat while clearing up the dinner table. He threw them out the front door into the yard as food for the family cat. He then went to the home of a neighbor and secured some eggs. On his return, he observed that the cat appeared not to have found the food. He picked up the cat to carry her to the place where he had thrown the

scraps of meat. It was then about 10:00 o'clock in the evening. Respondent went through the front door and crossed the porch. He was unable to see the steps, but went down them to the ground. He stepped forward and fell into the pit.

The court instructed the jury with reference to the duty and measure of care owing by an owner of premises to a licensee and to an invitee thereon, and submitted to the jury the question whether respondent was the former or the latter. The court also submitted the issue of contributory negligence to the jury. Appellant took no exceptions to the instructions of the court.

By its verdict, the jury determined the respondent was an invitee on the premises of appellant and that appellant had not exercised ordinary care in the maintenance of his premises so as to avoid injury to respondent. The finding of the jury was adverse to the claim of appellant that respondent was guilty of contributory negligence.

 It is our opinion that there was sufficient evidence, if believed and accepted by the jury, to warrant a verdict in favor of respondent on the issues of the status of respondent as an invitee of appellant on his premises and the negligence of appellant in maintaining a dangerous pit thereon; also findings that such negligence was the proximate cause of the injuries sustained by respondent, and that he was not guilty of contributory negligence in his conduct leading up to falling into the pit.

In support of his assignment that the court erred in not granting him a new trial, appellant argues that the record shows conclusively the verdict was based on sympathy for respondent rather than on a finding that appellant was negligent. His contention is that this must be so when consideration is given to the actual damage sustained, together with the proved inability of respondent to work at his trade as a painter because of the injuries he sustained. Attention is called to the fact that the jury made an award for hospital and medical expenses and nothing for pain and injuries or loss of wages. In passing upon the motion for a new trial,

the court expressed the view that there was sufficient evidence to sustain the verdict, and although the verdict was unusual in that it was limited to the items of hospital and medical expenses, such result was one of which appellant was in no position to complain. The trial court was inclined to the view that if the verdict indicated sympathy for anyone it was for appellant rather than respondent.

Our review of the record leads us to the conclusion that all issues of fact were properly and correctly submitted to the jury; that appellant had a fair and impartial trial; that there was sufficient evidence submitted to support the verdict and the trial court was justified in denying the motion for a new trial.

The judgment is affirmed.

SCHWELLENBACH, C. J., MALLERY, DONWORTH, and WEAVER, JJ., concur.