**Genevieve WHITNEY, Plaintiff,**

**v.**

**William Frederick AKERS and Gibson Charles Akers, Defendants.**

**Civ. No. 65–215.**

United States District Court W. D. Oklahoma.

Nov. 22, 1965.

Don W. Davis, Dallas, Tex., Charles E. Malson, Oklahoma City, Okl., for plaintiff.

John M. McPherren, Oklahoma City, Okl., for defendants.

DAUGHERTY, District Judge.

Upon consideration of plaintiff's Motion for Judgment Notwithstanding the Verdict and for a New Trial, and the response of defendant thereto, together with briefs submitted by both sides, the Court finds that both motions should be denied.

██ With reference to the Motion for Judgment Notwithstanding the Verdict, it is not possible under the evidence to grant same as the evidence was conflicting and in dispute on the issues of liability and injury or damage. The jury has determined the issue of liability against the defendant and this is supported by substantial evidence. However, regarding damages the jury obviously found that the plaintiff received no personal injury or pain and suffering as a result of the collision but awarded her the medical expense she incurred following the collision. The finding of the jury that plaintiff received no personal injury or pain and suffering in the accident is supported by substantial evidence. The medical evidence in this connection was in direct conflict. The issue joined on this point was hotly contested in the examination and cross examination of the medical witnesses and the plaintiff and in the arguments to the jury. It would be error for the Court, in view of the state of the evidence herein, to hold that the plaintiff received the personal injuries and pain and suffering as claimed by the plaintiff and is entitled to the damages claimed by plaintiff therefor, and to do so in the face of the conflicting evidence in the case and the verdict of the jury which the Court finds is supported by substantial evidence. In addition, the plaintiff did not move for a directed verdict at the close of the evidence and cannot now urge a Motion for Judgment Notwithstanding the Verdict. Federal Rules Civil Procedure, Rule 50(b), 28 U.S.C.A.; Indamer Corp. v. Crandon, 217 F.2d 391 (C.A. 5th–1954).

Accordingly, plaintiff's Motion for Judgment Notwithstanding the Verdict must be and the same is hereby denied for the foregoing reasons.

■ With reference to the Motion for a New Trial, the Court finds that the same should be denied. This motion and supporting brief urged by the plaintiff are not clear as to the exact reasons why the motion should be granted. However, the Court gathers that plaintiff asserts that the verdict (1) is void and (2) is not clearly supported by the evidence. The verdict is not void for either irregularity or inconsistency. As to the verdict containing the language "for drug and medical expenses incurred to date only", this was brought to the attention of the attorneys for the plaintiff before the jury was discharged and no objection was made or question raised about this surplus language being in the verdict. Any objection thereto was therefore waived. Cooper v. Woodruff, (Okl.–1960), 357 P. 2d 969. The verdict cannot therefore be considered void because of this surplus and unnecessary language.

As to the verdict being inconsistent in awarding damages for medical expenses only and nothing for personal injuries and therefore is unable to stand, the plaintiff cites Hallford v. Schumacher, Okl., 323 P.2d 989, which cites 20 A.L.R. 2d 276, and the recent case of Burkett v. Moran, Oklahoma Supreme Court, 410 P.2d 876, dated October 30, 1965. In the above cases and in all cases mentioned in the A.L.R. citation the general damages were either "clearly proved", "clear and undisputed", "proved by uncontradicted testimony", "contrary to all the evidence", "shown by the uncontradicted evidence", "damages conclusively established", or "damage which the undisputed testimony showed she had sustained."

■■ This is not the situation here. As stated above, the plaintiff's claim of receiving personal injuries and pain and suffering from the accident were strongly controverted by lay and medical testimony introduced by the defendant. Such injuries and damages were not clearly proved or undisputed, or uncontradicted or conclusively established. Under the state of the evidence herein the jury was entitled to find liability for the accident against the defendant, which it did, but to also find from the evidence that the plaintiff just did not receive a personal injury in the accident or any pain and suffering from the same. But, finding liability against the defendant and that plaintiff obtained medical attention following the accident, the jury would be justified in finding by its verdict that the defendant should pay for such medical expense as directly resulted from the accident even though the jury believed from the evidence that no injury was actually received. If the plaintiff had complained about the verdict before the jury was discharged the Court would not have been disposed, in view of the evidence, both medical and lay, to instruct the jury that they, having fixed liability for the collision on the defendant, must now find that plaintiff was in fact physically injured in the accident and did in fact experience pain and suffering from such injury and that the jury must retire again and fix damages for the same. It is, of course, possible that an automobile accident could occur and no one be injured therein. Damages for car repairs can be recovered even though the driver or owner sustained no personal injuries or pain and suffering in the accident. It is also reasonable to conclude that if one in such an accident went to a doctor for an examination to see if an injury was received that recovery could be had for such medical expense as directly resulting from the accident and being reasonable and necessary. The Court heard the same evidence as did the jury and cannot find fault with the reasoning or conclusions reached.

Accordingly, plaintiff's Motion for a New Trial should be and the same is hereby denied.