Argued and submitted December 3, 1970, reversed and remanded
April 28, 1971

SAUM, *Respondent, v.* BONAR, *Appellant.*

484 P2d 294

*Carrell F. Bradley,* Hillsboro, argued the cause for

appellant. With him on the brief were Schwenn, Bradley & Batchelor, Hillsboro.

*George G. Van Natta,* St. Helens, argued the cause for respondent. On the brief were William F. Schulte, Portland, and Van Natta & Petersen, St. Helens.

TONGUE, J.

This is an action for personal injuries resulting from an automobile accident in which plaintiff's car was "rear-ended" by defendant's car. The trial court set aside a jury verdict for $1 in general damages and $350 in special damages and granted plaintiff's motion for a new trial.

Defendant appeals, contending that under the evidence this was a proper verdict and that this court should re-examine its prior decisions on this subject and should adopt the views as stated by Justice O'CONNELL, dissenting, in *Flansberg v. Paulson,* 239 Or 610, 618, 399 P2d 356 (1965), in which a somewhat similar verdict was held to be improper by a majority of this court.

The question presented in this case is whether, under the particular facts of this case, the jury should have been permitted to award the plaintiff special damages for his medical expenses and loss of earnings, with no award of general damages for pain and suffering.

Since the decision in this case has meaning only with reference to the facts of this particular case, we shall review the pleadings and the proof. As previously stated, this was a "rear-end" automobile accident in which the liability of defendant was clear and the only issue related to the extent of plaintiff's in-

juries. The accident occurred near St. Helens, Oregon, on January 3, 1969.

The injuries alleged in plaintiff's complaint were as follows:

"In and by said collision plaintiff was injured in that he sustained a wrenching and straining of the muscles, tendons, nerves and other soft tissues of the entire back from the base of his skull to his hips and a fractured tooth. Theretofore plaintiff was afflicted with a condition known as osteo-arthritis, which condition, however, was not active, disabling nor painful to plaintiff. In consequence of defendant's negligence, and the injury described above, said osteo-arthritis was caused to be flared up and aggravated, and to be made painful and disabling. Said injuries were, are and will remain painful and disabling on a permanent basis. Plaintiff has been generally damaged in the sum of FIFTY THOUSAND DOLLARS ($50,000.00) on said account."

Plaintiff testified that he was knocked unconscious by the impact, although recovering almost immediately. He was then taken to a hospital where no bumps on his head were found, but where he complained of pain in the neck and numbness in his right arm. On trial he also testified that his lower back was injured in the accident and that one tooth was broken. He was found to have no broken bones, however, and after three days was released from the hospital.

A few weeks later he complained to his doctor of further pain in the neck area and returned to the hospital, where his neck was placed under traction. After a week or so he was released. He testified that his doctors prescribed both a neck brace and also a back brace. In April he was released by his doctor for

work, but testified that he was unable to work because of continuing pain in his neck.

Plaintiff continued medical treatment until October 1969 and testified that he then was unable to find work. Prior to trial he was paid $3,050 by defendant for claimed lost wages. At the time of trial in February 1970 plaintiff still complained that his neck, arm, and low back still bothered him.

Plaintiff's doctors diagnosed his condition as a strain or sprain of the muscles in the upper spine. They found no muscle spasms, however, and minimal arthritic changes. They testified that their diagnosis was based largely on subjective symptoms. They also testified that plaintiff did not tell them of any previous injuries. It also appeared that the back brace was prescribed several months after the accident when plaintiff said that he had twisted his back in the bathtub.

Defendant's examining doctor also testified that plaintiff told him that he had no previous neck or back injuries. He also testified that on examining plaintiff several months after the accident he found no muscle spasms, muscle weaknesses or any other symptoms of any pain or suffering and that he found nothing wrong with plaintiff other than being overweight.

On cross-examination plaintiff admitted that in 1967 and again in 1968 he had made claims for previous back injuries. He also admitted that the job he had said he was turned down for because of the injury in question was a job for which he was previously turned down because of a previous injury. In addition, he admitted that he had occasionally gone fishing during the period when he had testified that he was

unable to work. He also admitted that he had previously been convicted of larceny and burglary.

Under such a record it can be understood why a jury might, and perhaps with good reason, find that plaintiff had lied about his alleged injuries and that he either suffered no substantial injuries for which he was entitled to any substantial award or compensation for general damages for pain and suffering, or that the $3,050 already paid to him for alleged lost wages was excessive and was also sufficient to compensate for any pain and suffering. At the same time, it can be understood why a jury might still award him special damages representing unpaid doctor and medical bills.

In this case, after proper instructions on the subject of damages, to which no exceptions were apparently taken by the plaintiff, the jury returned a verdict of $1 in general damages and $4,443.33 in special damages and found that defendant had previously paid $4,093.33 to apply on special damages (including $3,050 for lost wages), leaving net special damages of $350.

Plaintiff objected to the verdict on the ground that no substantial general damages were allowed. The trial court then instructed the jury that before it could find special damages it must first find general damages and that a finding of $1 general damages would not support a finding for special damages. The jury was then instructed to "redeliberate" and "attempt to arrive at a verdict that would be acceptable to the court." Both verdict forms were again delivered to the jury for that purpose.

The foreman of the jury then sent a note to the trial judge asking, "Are we allowed to award the plain-

tiff no general damages?" The jury was then brought in again and told that "It is not possible to have no general damages and to have special damages." One juror then said, "We are confused as to the amount that would be permissible to put as general damages" and was told that "the court can't tell you what amount to put there." The jury then retired again.

The foreman of the jury then sent a second note saying, "Sir, our intent is to award all medical expenses. Could we award $2 general damages and still be within the law?" Plaintiff moved for a mistrial. That motion was denied and the verdict was received in the form as first returned.

Later, and fifteen minutes before the filing of a judgment on that verdict, plaintiff moved for a new trial for misconduct of the jury and irregularity in the proceedings. An order for a new trial was then entered, from which defendant appeals.

In *Flansberg v. Paulson*, 239 Or 610, 399 P2d 356 (1965), it was stated by a divided court, at p 617:

"* * * there has been no deviation from the rule that if a jury improperly brings in a verdict for special damages without an award for general damages, and then stubbornly attempts to adhere to its invalid verdict in disregard of the instructions from the court, the trial judge may, in his discretion, declare a mistrial."

However, in *Sedillo v. City of Portland*, 234 Or 28, 380 P2d 115 (1963), the jury first returned a verdict for $537.85, the exact amount of the special damages. After further instructions it returned a verdict of $500 in general damages alone with the notation "no specials." That verdict was held good. For other cases in which somewhat similar verdicts were also sustained, see *Locatelli v. Ramsey*, 223 Or 238,

354 P2d 317 (1960), and *Mullins v. Rowe*, 222 Or 519, 353 P2d 861 (1960).

A dissenting opinion by O'CONNELL, J., in *Flansberg v. Paulson, supra*, at p 619, was critical of the concept that special damages are a form of "consequential damages" for which there is no "source" unless there has first been a finding of general damages, pointing out that "neither type of damages flows from the other; each measures a distinct type of invasion of the plaintiff's interest." It was suggested, at p 621, among other things, that "if the jury returns a verdict awarding special damages and no general damages, it is possible that the jury has decided that the plaintiff did not suffer pain to an extent warranting compensation."

It was also suggested by O'CONNELL, J., in *Flansberg*, at p 621, that:

"The case of Van Lom v. Schneiderman, 187 Or 89, 210 P2d 461, 11 ALR2d 1195 (1949), holds that (under Art VII, § 3 (Amended) of the Oregon Constitution) we cannot set a verdict aside on the ground that we regard it as excessive. Are we not equally bound by a verdict which we regard as being at the other end of the spectrum * * *? We have done this through the legal legerdemain of classifying the amounts at the bottom of the damage scale as 'nominal' damages; we say that nominal damages are, in fact, no damages at all, * * *."

For these and other reasons it is urged in that dissenting opinion, at p 623, that:

"It is time, I think, to face up to the practicalities of this situation and hold that if the jury is thoroughly instructed on the measure of plaintiff's damages, the verdict will not be disturbed for failure to attribute a dollar amount to the separate categories of general and special damages."

To affirm the verdict of the jury in this case, however, it is not necessary to go to the extent of holding that whenever a jury has been "thoroughly instructed" on the measure of plaintiff's damages its verdict will *never* be disturbed either for "failure to attribute a dollar amount to the separate categories of general and special damages" or for failure to award any substantial general damages, while awarding special damages, as in this case. This is because in this case defendant both pleaded and offered evidence to support his denial that plaintiff suffered any general damages, with the result that there was an actual conflict of evidence on that issue, and the jury could have reasonably found from the record in this case either (1) that plaintiff had lied about his alleged pain and suffering and that he either did not suffer pain to an extent warranting compensation or (2) that plaintiff had already been paid an excessive amount for alleged lost wages, so as to also compensate him sufficiently for any such pain and suffering.

It has also been suggested that although a verdict which fails to award any substantial general damages, while awarding special damages, would be improper in a case in which serious injuries were either admitted or clearly proved, such a verdict would not be improper in a case in which defendant not only denied that plaintiff suffered any substantial injuries, but also offered evidence from which the jury could reasonably have made such a finding. Thus, in such a case, it was held in *Whitney v. Akers*, 247 F Supp 763 (WD Okla 1965), at 765:

> "As to the verdict being inconsistent in awarding damages for medical expenses only and nothing for personal injuries and therefore is unable to stand, the plaintiff cites Hallford v. Schumacher,

Okl., 323 P.2d 989, which cites 20 A.L.R. 2d 276, and the recent case of Burkett v. Moran, Oklahoma Supreme Court, 410 P.2d 876, dated October 30, 1965. In the above cases and in all cases mentioned in the A.L.R. citation the general damages were either 'clearly proved', 'clear and undisputed', 'proved by uncontradicted testimony', 'contrary to all the evidence', 'shown by the uncontradicted evidence', 'damages conclusively established', or 'damage which the undisputed testimony showed she had sustained.'

"This is not the situation here. As stated above, the plaintiff's claim of receiving personal injuries and pain and suffering from the accident were strongly controverted by lay and medical testimony introduced by the defendant. Such injuries and damages were not clearly proved or undisputed, or uncontradicted or conclusively established. Under the state of the evidence herein the jury was entitled to find liability for the accident against the defendant, which it did, but to also find from the evidence that the plaintiff just did not receive a personal injury in the accident or any pain and suffering from the same. But, finding liability against the defendant and that plaintiff obtained medical attention following the accident, the jury would be justified in finding by its verdict that the defendant should pay for such medical expense as directly resulted from the accident even though the jury believed from the evidence that no injury was actually received. * * * It is, of course, possible that an automobile accident could occur and no one be injured therein. Damages for car repairs can be recovered even though the driver or owner sustained no personal injuries or pain and suffering in the accident. It is also reasonable to conclude that if one in such an accident went to a doctor for an examination to see if an injury was received that recovery could be had for such medical expense as directly resulting from the accident and being reasonable and necessary. * * *.'"

To the same effect, it was held in *Giddings v. Wyman*, 32 Ill App 2d 220, 177 NE2d 641, 643 (1961), also involving a jury verdict for the amount of the medical bills, but nothing for alleged pain and suffering:

> "This jury may well have believed that plaintiffs' injuries here was most minimal, to the point of being incapable of evaluation, and that plaintiffs would be fairly compensated if they only received their specials. We must not mislay the jury's inherent right to pass upon the credibility of the evidence and the witnesses."

See also *Miller v. San Diego Gas & Electric Co.*, 212 Cal App 2d 555, 28 Cal Rptr 126, 129 (1963); *Randles v. Lowry*, 4 Cal App 3d 68, 84 Cal Rptr 321, 324 (1970); *Fleming v. Dewitt*, 41 Wash 2d 454, 249 P2d 776 (1952); and *City of Miami v. Smith*, 165 So 2d 748, 750 (Fla 1964). But see 20 ALR2d 276 (Anno).

This is not a case in which the plaintiff has lost a leg in an accident or has clearly suffered some other serious injury. Where, in such a case, whether because of problems relating to liability or for other reasons, the jury would allow special damages, but deny general damages, we still agree that such a verdict would be an inconsistent and improper verdict. As applied to such cases, the rule as stated by this court in *Flansberg v. Paulson, supra*, is a sound and salutary rule.

Neither is this a case which requires us to decide whether or not to adopt the rule of *Whitney v. Akers, supra*. This is because in this case the jury could have found *either* that plaintiff suffered no substantial injuries or that although he suffered some injuries, he was more than properly compensated for

542

any such general damage by payment prior to trial of $3,050 for lost wages which he did not in fact sustain, at least in that amount.[1]

It is well established that in determining the validity of a general verdict every reasonable intendment is to be drawn in favor of its validity and that a general verdict must be considered to be a pronouncement on all issues. *Forest Products Co. v. Dant & Russell*, 117 Or 637, 646, 244 P 531 (1926); *Clark v. Strain*, 212 Or 357, 364, 319 P2d 940 (1958).

We hold, therefore, that under the particular facts of this case we cannot say that it was improper for the jury to return a verdict of $1 in general damages, while allowing recovery of $350 in special damages for the balance of plaintiff's medical expenses. Accordingly, we also hold that the rule of *Flansberg*, and other decisions to the same effect,[2] has no application under these particular facts.

For all of these reasons, we remand this case to the trial court with instructions to reinstate the verdict of the jury.[3]

Reversed and remanded.

---

[1] Although defendant admitted making the payment for lost wages, he nevertheless denied not only that plaintiff suffered any injuries, but also that he lost any wages because of the accident. It should also be noted that no contention was made by defendant, by requested instructions or otherwise, that the jury could not consider the fact of that payment in deciding what, if any, verdict should be returned for general damages.

[2] These cases include the following: Hall v. Cornett, 193 Or 634, 240 P2d 231 (1952); Stein v. Handy, 212 Or 225, 319 P2d 935 (1957); Baden v. Sunset Fuel Co., 225 Or 116, 357 P2d 410 (1960).

[3] Because of the basis on which this case is decided it is not necessary to consider defendant's second assignment of error; i.e., whether plaintiff's motion for new trial was subject to defendant's motion to strike because it was filed shortly before entry of a judgment on the verdict.

HOLMAN, J., concurring.

It is my opinion that there was sufficient evidence to justify the verdict. The jury could have found that the plaintiff suffered no permanent injury. It could have found that the pain and suffering was either absent or minimal. It could have found that because of personal idiosyncrasies, plaintiff was abnormally apprehensive of injury and was therefore justified in seeking medical attention and in his failure to work. Employers accept workmen as they are, emotional idiosyncrasies included.

I do not subscribe to that part of the majority opinion which permits the jury to use as payment for general damages money paid for loss of wages or medical expenses. I am doubtful that the jury has such authority.

O'CONNELL, C. J., concurring.

I concur in the result for the reasons stated in my dissent in *Flansberg v. Paulson*, 239 Or 610, 618, 399 P2d 356 (1965).

McALLISTER, J., dissenting.

The result of the decision in this case is, I think, a new rule to this effect: When an injury is admitted or obvious, the rule of *Flansberg v. Paulson*, 239 Or 610, 399 P2d 356 (1965) applies; but if the defendant denies that plaintiff was injured, and the evidence presents a jury question on that issue, the jury will be at liberty to compromise in violation of the court's instructions by bringing in a verdict of nominal or no general damages together with all or part of the special damages. This new rule will further confuse a problem which is already almost insoluble. We should ad-

here to the rule in *Flansberg v. Paulson*, supra, and the earlier cases there cited.

I dissent.