Argued April 3, affirmed June 1, 1972

NULL, *Appellant, v.* SIEGRIST, *Respondent.*

497 P2d 664

*Larry O. Gildea,* Eugene, argued the cause for appellant. On the briefs were Gildea, Speer & Mc-Gavic, P.C., Eugene.

*Edward V. O'Reilly,* Eugene, argued the cause and filed the briefs for respondent.

Before O'CONNELL, Chief Justice, and McALLISTER, DENECKE, HOLMAN, TONGUE,* HOWELL and BRYSON, Justices.

HOWELL, J.

This is an action for damages for personal injuries arising out of an automobile accident involving vehicles driven by plaintiff and defendant. A jury returned a verdict for plaintiff for $1 general damages and $256 special damages. Plaintiff appeals from the judgment entered on the verdict.

Plaintiff presents only two assignments of error. First, he contends that the court erred in preventing him from going "into the matter of insurance" to show that his first treating physician, Dr. Brackebusch, was being paid by defendant's insurance carrier, and because of this fact the plaintiff changed physicians.

A brief statement is necessary of the background leading up to this assignment of error.

Whether plaintiff sustained any permanent injuries from the accident was seriously disputed at the trial.

Counsel for defendant, in his opening statement,

---

* Tongue, J., did not participate in this decision.

after making reference to plaintiff's injuries, mentioned that the plaintiff sought medical attention from a doctor (Brackebusch) about five days after the accident occurred, and "that he never went back to this particular doctor and that he then went to another doctor."

Dr. Brackebusch, the first physician to see plaintiff, was called as a witness for the defendant. During his cross-examination plaintiff's counsel made reference to an "authorization to release medical information" and inquired if plaintiff's bill had been paid.

The court declared a recess, and out of the presence of the jury the court expressed concern about a mistrial if insurance were interjected into the case. Plaintiff's counsel stated that he was entitled to show the reason plaintiff left Dr. Brackebusch in order to counter defendant's counsel's opening statement. He wanted to show that plaintiff had been sent to Dr. Brackebusch by the adjuster for defendant's insurance carrier; that he, plaintiff, believed Dr. Brackebusch was indifferent to his physical problems, and therefore he changed doctors. The court heard testimony from plaintiff and Dr. Brackebusch outside the jury's presence. Plaintiff testified that after the accident he called defendant's insurance adjuster, and the adjuster "strongly urged me" to see Dr. Brackebusch. At Dr. Brackebusch's office plaintiff signed a document authorizing Dr. Brackebusch to disclose the result of his examination to the defendant's insurance carrier. However, plaintiff also testified that after the accident he called his family doctor, who recommended several doctors, including Dr. Brackebusch. Plaintiff selected Dr. Brackebusch and did not tell the nurse that he was there at the request of defendant's insurer. Also, a registration form executed by plaintiff in Dr. Bracke-

busch's office stated that plaintiff was referred to Dr. Brackebusch by Dr. White, plaintiff's family doctor, and the form also named plaintiff's own insurance carrier. Dr. Brackebusch testified that he had no recollection of any information given to him that he was seeing plaintiff at the request of either Dr. White or any insurance company. As far as he was concerned, he was acting as the treating physician when he was treating plaintiff.

■ While, in general, evidence that the defendant is insured is not admissible, such evidence may be admitted where it shows the interest or bias of an adverse witness, or where such evidence is an essential part of other relevant evidence. *Quigley v. Roath,* 227 Or 336, 362 P2d 328 (1961), citing *Smith v. Pacific Truck Express,* 164 Or 318, 100 P2d 474 (1940).

■ We do not believe that the reference made by defendant's counsel in his opening statement that plaintiff changed doctors entitled plaintiff to introduce evidence of defendant's insurance. In addition, in the extensive hearing conducted by the court out of the presence of the jury, all parties were present including counsel. Plaintiff and Dr. Brackebusch testified. No evidence was offered at that time by plaintiff as to the reason he changed doctors. The record shows only counsel's statement on the subject. The hearing was in the nature of an offer of proof and, assuming that plaintiff did change doctors for the reason his counsel indicated, he should have so testified.[1]

We conclude that the trial court did not commit

---

[1] In addition to plaintiff's failure to testify about his reasons for changing doctors, the record is replete with references to documents such as authorizations, a letter requesting reports, a registration form or forms, and various documents that apparently

error in refusing to allow plaintiff to interject insurance into the evidence.

For his other assignment of error, the plaintiff contends that the trial court erred in accepting the verdict for $1 general damages and $256 special damages and in denying plaintiff's motion for a new trial for the same reason.

Unfortunately, the court reporter was not present when the jury returned its verdict, and the court and counsel have been forced to reconstruct the events from memory. However, there does not appear to be any dispute regarding the events that occurred. First, the jury returned a verdict for plaintiff for $256 special damages and no general damages. The court and counsel agreed on the form of an instruction in which the court advised the jury that they must find "some sum of general damages" and then special damages. The jury then returned a verdict for $1 general damages and $256 special damages. No motion or objection was voiced by either counsel, and the court received the verdict.

■ We need not decide whether the facts in this case would render it proper for the jury to allow only one dollar in general damages plus special damages. See *Saum v. Bonar,* 258 Or 532, 484 P2d 294 (1971) and *Brannan v. Slemp,* 260 Or 336, 490 P2d 979 (1971). The law is well-established in this state in cases similar to the case at bar that if counsel is present, or had a reasonable opportunity to be present, and made no objection or

---

existed in the doctor's file. None of these documents was offered in evidence nor included in the record on this appeal. Consequently, all we have before us are indefinite references to the documents which, in some respects, are meaningless.

challenge to the form of the verdict returned by the jury, the insufficiency or irregularity of the verdict is waived. *Edmonds v. Erion et al,* 221 Or 104, 350 P2d 700 (1960); *State ex rel Amore v. Wilkinson,* 212 Or 236, 319 P2d 893 (1957); *Fischer v. Howard,* 201 Or 426, 271 P2d 1059 (1954).

Affirmed.

O'CONNELL, C.J., specially concurring.

I concur, although I think that a verdict for special damages without an award of general damages should be acceptable for the reasons stated in my dissent in *Flansberg v. Paulson,* 239 Or 610, 618, 399 P2d 356 (1965). *Saum v. Bonar,* 258 Or 532, 484 P2d 294 (1971), went part way in recognizing the validity of a special verdict without an award of general damages. I think it is time to go the full way and thus avoid the unnecessary litigation resulting from recurring attacks on special damages.