Argued September 8, reversed and remanded November 26, 1976

KRINER, *Respondent,*

*v.*

WEAVER et ux, *Appellants.*

(No. 34-742, SC 24219)

556 P2d 652

*Duane Vergeer,* Portland, argued the cause for appellants. With him on the brief were Thomas Sauberli, and Vergeer, Samuels, Roehr & Sweek, Portland.

*Nels Peterson,* Portland, argued the cause for respondent. On the brief were Bryan L. Peterson, and Peterson, Susak & Peterson, P.C., Portland.

Before Denecke, Chief Justice, and O'Connell, Holman, Tongue, Howell, Bryson, and Lent, Justices.

BRYSON, J.

**BRYSON, J.**

Plaintiff brought this action to recover damages for personal injuries sustained in a motorcycle-automobile accident. The jury returned a verdict with special findings and interrogatories (ORS 17.415) finding defendants 51 percent negligent and plaintiff 49 percent negligent. They assessed plaintiff's total damages at $8,652.26, the amount alleged as plaintiff's special medical damages. Judgment was entered in favor of the plaintiff.

On plaintiff's motion, the court ordered a new trial on the ground "set forth in 1. (B)" of plaintiff's motion, which states:

"1. Misconduct of the jury in the following particulars:

"* * * * *.

"B. In disregarding the instructions of Judge Gregory Milnes by which the jury awarded only the amount of plaintiff's medical special damages, contrary to the instructions of Judge Milnes, that 'if the jury found general damages, then the jury might award special damages,' * * *."

The defendants contend that the trial court erred in setting aside the judgment and granting plaintiff a new trial in that plaintiff waived his right to object to the contents of the verdict when he failed to be present at the time the verdict was received and failed to make a timely objection before the jury was discharged.

The affidavit of counsel supporting plaintiff's motion for a new trial and the transcript stipulated to by both attorneys, before the court, regarding what transpired after the jury retired to deliberate constitutes the only record. It reveals the following:

"THE COURT [Judge Milnes]: * * * I don't know who it was that suggested that Judge Musick might be able to give further instructions, whether it was myself or Mr. Vergeer. I do remember discussing that subject and I think that we all agreed that that would be inappropriate and wouldn't work because of the circumstances and we dropped that idea.

"And then I think I was the one that might have suggested that Judge Musick take the verdict and that's where we got into the discussion of, if there was any problem in the case that the three of us would be available by telephone and could come back here within roughly thirty minutes and solve any problems with the jury.

"* * * * *.

"* * * [A]ll three of us gave phone numbers where we could be reached, should there be any questions, * * *."

Judge Musick received the verdict. Neither plaintiff's nor defendants' attorney, Judge Milnes nor a court reporter were present when the verdict was received. *Null v. Siegrist,* 262 Or 264, 497 P2d 664 (1972), similar to the case at bar, was an action for damages for personal injuries where the jury returned a verdict for "$1 general damages and $256 special damages." The court reporter was not present when the verdict was returned. The attorneys were present but no motion or objection was made to the form of verdict by either party. We held:

"We need not decide whether the facts in this case would render it proper for the jury to allow only one dollar in general damages plus special damages. * * * The law is well-established in this state in cases similar to the case at bar that if counsel is present, or had a reasonable opportunity to be present, and made no objection or challenge to the form of the verdict returned by the jury, the insufficiency or irregularity of the verdict is waived. *Edmonds v. Erion et al,* 221 Or 104, 305 P2d 700 (1960); *State ex rel Amore v. Wilkinson,* 212 Or 236, 319 P2d 893 (1957); *Fischer v. Howard,* 201 Or 426, 271 P2d 1059 (1954)."

*See also Skourtis v. Ellis,* 272 Or 149, 151, 535 P2d 1367 (1975) (an objection not taken when verdict returned is waived).

Here the attorneys were not present when the verdict was returned, but the evidence disclosed that nothing prevented them from being in attendance.

In failing to be present while the jury was still on

hand and not objecting to the form of verdict received, any claimed irregularity of the verdict was waived by the plaintiff. Plaintiff argues that counsels' presence would have been futile as Judge Musick would not have been able to rule on any objections. This contention must fail as the evidence reveals that Judge Milnes had left his telephone number and had in fact been in touch with the clerk and was prepared to return to the courtroom within 30 minutes should any problem arise.

Reversed and remanded with instructions to reinstate the judgment on the jury's verdict.