G & A CONTRACTING, INC., *Respondent,*
*v.*
SALEM AVIATION, INC., *Appellant.*
(No. 76-2304, CA 9907)

587 P2d 109

Keith D. Evans, Salem, argued the cause and filed the brief for appellant.

Darryl E. Johnson, Roseburg, argued the cause and filed the brief for respondent.

Before Schwab, Chief Judge, and Lee and Richardson, Judges.

RICHARDSON, J.

## RICHARDSON, J.

Plaintiff, purchaser of an aircraft, sued for conversion because defendant, the seller of the aircraft, repossessed it. Defendant appeals from a judgment for plaintiff based on a jury verdict. Defendant contends its motion for involuntary nonsuit made at the close of plaintiff's case should have been granted. In the alternative, defendant contends the verdict and judgment for damages was in excess of the amount plaintiff was entitled to under the complaint.

The facts are briefly as follows: Plaintiff purchased an aircraft from defendant on a conditional sales contract. The contract provided the aircraft could not be leased to a third party without defendant's permission and further provided that "if for any reason Seller shall deem said aircraft or said debt unsafe or insecure, then in any of those events, Seller shall forthwith be entitled to possession of the aircraft."

Plaintiff took possession of the aircraft about April 1, 1974, and on April 15, 1974, leased the craft to a third party who used it for commercial air taxi service. On October 29, 1974, plaintiff's majority stockholder, who was a director of plaintiff corporation and a personal guarantor of the debt owed to defendant for the aircraft, was convicted of three crimes in federal court involving use of the aircraft. He was sentenced to four years in a federal penitentiary and fined $11,500. On November 1, 1974, defendant repossessed the aircraft and sold it to a third party.

Plaintiff's complaint alleged it was the owner of the aircraft and entitled to possession and that defendant wrongfully converted the aircraft to its own use. The complaint alleged the value of the aircraft was $32,000. In its answer, defendant alleged as an affirmative defense, that the aircraft was repossessed because defendant felt the debt was insecure for four reasons:

[ 315 ]

1. The aircraft was leased to a third party;

2. Plaintiff's president and principal stockholder was incarcerated in a federal penitentiary;

3. The aircraft was sought by federal authorities for confiscation; and

4. Plaintiff defaulted in payment of installments on purchase price.

When plaintiff had rested defendant moved for involuntary nonsuit. The motion was denied and defendant presented its evidence. Defendant made no further motion challenging the sufficiency of the proof and the matter was submitted to the jury, which returned a verdict for plaintiff and assessed damages in the amount of $9,817.37. Defendant made no motion challenging the verdict.

■ Defendant contends the motion for nonsuit should have been granted. The essence of this contention is that a creditor has the right to repossess the security for a debt if it in good faith believes the obligation is insecure. Good faith is presumed, the argument continues, and the debtor has the burden to show a lack of good faith. The motion was based on the failure of plaintiff to present evidence tending to overcome the presumption of good faith.

Pursuant to its complaint plaintiff had the initial burden to establish a right to possession of the aircraft and to show defendant wrongfully deprived it of possession. It was then incumbent on defendant to establish as an affirmative defense that it had a superior right to possession. Defendant's theory was that it had a good faith belief based on a number of factors that the debt was insecure. Only after this defense is presented does plaintiff have the obligation to establish lack of good faith.

At the juncture of the proceeding where the motion for nonsuit was made plaintiff had presented sufficient evidence to make out a jury question on the allegations of the complaint. At that point plaintiff did

not have the burden of negating defendant's affirmative defenses. The motion for nonsuit was properly denied.

■ Defendant's final contention is that the verdict and judgment exceeded the proper measure of damages. The court instructed the jury that if it found for plaintiff it should calculate the amount of damages by determining the market value of the aircraft and then deducting the balance due to defendant on the contract. Defendant argues the maximum value that the jury could ascribe to the aircraft is $32,000 as alleged in plaintiff's complaint. The outstanding balance of the purchase price, as presented by the evidence, was $25,183. Mathematically, defendant contends, the maximum damages would be $6,817. The jury verdict awarded damages in the amount of $9,817.37.

Defendant and its counsel specifically waived the right to be present when the verdict was returned and were not present. The court satisfied itself that the requisite number of jurors concurred in the verdict and accepted it. In failing to be present while the jury was still on hand and not objecting to the form of the verdict received, any claimed irregularity of the verdict is waived. *Kriner v. Weaver,* 276 Or 741, 556 P2d 652 (1976).

Affirmed.