Argued June 28, reversed and remanded
with instructions August 27, 1979

SCHMITZ,
*Respondent,*
*v.*
UNITED STATES BAKERY,
*Appellant,*

(No. A7611-16299, CA 12696)

599 P2d 471

Larry A. Brisbee, Hillsboro, argued the cause and filed the brief for appellant.

John F. Hunnicutt, St. Helens, argued the cause and filed the brief for respondent.

Before Schwab, Chief Judge, and Thornton, Buttler and Joseph, Judges.

JOSEPH, J.

**JOSEPH, J.**

Plaintiff brought an action for personal injuries. The issue of comparative negligence was submitted to the jury. The verdict, in the form shown in the margin,[1] was taken by a judge other than the one who had tried the case. The following then transpired:

"THE COURT: I am Judge Jones. I am taking Judge Unis' verdict for him.

"Could we have your foreperson please stand.

"(Thereupon, the foreman, Juror No. 9, complied.)

"THE COURT: Would you turn your verdict over to the clerk.

---

[1] "We, the jury find

"1. Were defendants negligent in one or more of the respects claimed in plaintiff's complaint which caused damage to plaintiff?

ANSWER  Yes (insert yes or no)

"If your answer to question 1 is 'no,' your verdict is for the defendant. Your foreman should sign this verdict form. Do not answer any further questions.

"If your answer to question 1 is 'yes,' proceed to question 2.

"2. Was plaintiff negligent in one or more of the respects claimed in defendants' answer which caused damage to plaintiff?

ANSWER  Yes (insert yes or no)

"If your answer to question 2 is 'no,' proceed to question 4 and do not answer question 3.

"If your answer to question 2 if (sic) 'yes,' proceed to question 3.

"3. What is the percent of each of the parties' negligence which caused damage to plaintiff?

| ANSWER | Defendants | 50% |
| ANSWER | Plaintiff | 50% |

(The percentage must total 100%)

"If plaintiff's percentage is greater than 50%, your verdict is for the defendant. Your foreman should sign this verdict form. Do not answer any further questions.

"If plaintiff's percentage is 50% or less then answer question 4.

"4. What are plaintiff's total money damages.

ANSWER    Total money damages $13,500

"DATED this 17th day of October, 1978.

"_____
FOREMAN"

[751]

"(Thereupon, the foreman complied.)

"THE COURT: The answer to the first question is 'Yes,' and the answer to the second question is 'Yes.' The split is 50-50 of the total damages, $13,500.

"So the effect of the verdict would be legally half of that figure, is that correct, within your instructions?

"(No response.)

"THE COURT: I want to make sure that we have this correct. I will address this to Mr. Mannon. Is that it?

"THE FOREMAN: Marron.

"THE COURT: Excuse me. Do you understand the effect of your verdict? Do you know how much actual damages the plaintiff will receive?

"THE FOREMAN: We were under the impression it was 13,5-.

"THE COURT: If you find the contributory negligence to be 50 per cent, the total amount of the damage that she will receive will be cut in half. Did you understand that?

"THE FOREMAN: No.

"JUROR NO. 9: No.

"THE JURORS: No."

The jury was reinstructed on comparative negligence and after further deliberations returned a verdict showing plaintiff's "Total money damages" as $27,000. A "Motion to Reinstate the Verdict and Enter Judgment in Accordance Therewith" was denied, and judgment was entered for plaintiff for $13,500. Defendant United States Bakery appeals.

There was nothing in the form or content of the verdict to indicate that it was in any way defective. It was sufficient to be entered as returned. The court had no authority to investigate it in any manner or to speculate on the jury's mental processes. Or Const, Art VII, § 3; *Mullins v. Rowe et ux,* 222 Or 519, 522, 353 P2d 861 (1960); *Sedillo v. City of Portland,* 234 Or 28, 32, 380 P2d 115 (1963); *DeMaris v. Whittier,* 280 Or 25, 31, 569 P2d 605 (1977).

Reversed and remanded with instructions to reinstate the original verdict and enter judgment in accordance therewith.