Argued October 8, 1969, affirmed February 11, 1970

CHANCE, *Appellant, v.* ALEXANDER,
*Respondent.*
465 P. 2d 226

*William F. Frye,* Eugene, argued the cause for appellant. With him on the briefs were Husband, Johnson & Frye and Helen J. Frye, Eugene.

*William E. Flinn,* Eugene, argued the cause for respondent. On the brief were Jaqua, Wheatley & Gardner, Eugene.

Before PERRY, Chief Justice, and McALLISTER, SLOAN, O'CONNELL, GOODWIN,* DENECKE and HOLMAN, Justices.

PERRY, C. J.

This is an appeal by the plaintiff from a judgment entered against the defendant for personal injuries arising out of the collision of the parties' motor vehicles.

On October 7, 1965, plaintiff was driving her vehicle west on the McKenzie Highway and stopped to permit children to board a school bus. The defendant was following plaintiff in his vehicle. As plaintiff resumed her travel, the defendant drove his vehicle into the rear of plaintiff's vehicle. Plaintiff was jostled about in her car, but suffered no discernible physical injury.

On July 26, 1967, plaintiff instituted this action to recover general damages in the sum of $45,000, claiming she had received "painful and permanent injuries to the soft tissue, muscles, ligaments and bones

---

* Goodwin, J., resigned December 19, 1969.

in and about the cervical region of the body, and cervical sprain, severe nervous shock, physical and mental pain and suffering, headaches, a psychological disability in the form of a traumatic neurosis; she has been rendered sick, sore, nervous and distressed, and has suffered a permanent condition of mental illness, all to her general damage in the sum of $45,000.00."

The matter was tried to the trial court without a jury and a judgment was entered for the plaintiff against the defendant for the sum of $500 general damages and $306.50 special damages.

The principal contention of the plaintiff is that plaintiff did suffer "a serious and permanent disabling neurosis" and, therefore, the judgment is entirely inadequate.

While plaintiff did offer evidence of this injury, there is also evidence that the "permanent neurosis" existed prior to the accident and was not a result of the collision of the motor vehicles.

■ When the facts are in dispute, the ultimate conclusion must rest with the trier of fact and, as stated in *Mullins v. Rowe et ux.*, 222 Or 519, 353 P2d 861, this court "cannot speculate as to mental processes" by which the verdict was reached. Therefore, when there is conflicting evidence as to the extent of an injury suffered by reason of the tortious act of another and the verdict is within the limits prayed for by the injured party, it is within the power of the trier of fact to be as generous or penurious as it may determine. *Locatelli v. Ramsey*, 223 Or 238, 354 P2d 317.

■ The plaintiff also assigns as error the trial court striking the opinion expressed by one of plaintiff's medical experts that plaintiff suffered disability in the range of 25 to 40% total disability.

Assuming, without deciding, that the trial court erred in striking the opinion of the expert, we do not believe the ruling constituted reversible error since there was ample evidence of plaintiff's severe disability, which was admitted even by the defendant's expert witness. The disagreement between the medical witnesses was as to the causal connection of the accident with plaintiff's neurosis.

The plaintiff also assigns as error the failure of the trial court to strike the opinion of defendant's witness Dr. Brackebusch to the effect that plaintiff's personality disorder was of long standing and not attributable to the accident.

The plaintiff's motion to strike was based on the argument that the doctor did not have sufficient prior history of the plaintiff upon which to base an opinion.

The doctor testified that he had interviewed plaintiff and she had stated that she had attended the Eugene Business College for a period of three years in an effort to complete a nine-month course. That she felt she had some psychic power, an example being that when she was attending business college and had almost finished she had a feeling that she might not finish for some reason and that came to pass after the accident. His further testimony was to the effect that plaintiff had suffered no organic injury in the accident and that under these circumstances a lasting emotional disorder would indicate a pre-existing condition not attributable to the accident.

■ The general rule is that the reasoning and facts upon which an expert expresses his opinion goes only to its weight. *Leathers v. City of Burns*, 251 Or 206, 444 P2d 1010 (1968).

■ The doctor's testimony, therefore, was to be weighed by the trier of fact in the same manner that all ordinary evidence is to be evaluated.

There was no error in the refusal of the trial court to strike the testimony.

The judgment of the trial court is affirmed.