Argued October 7, affirmed October 25, 1977

BRUNK, *Respondent,*
*v.*
HORTON et vir, *Appellant.*
(No. 22262, SC 25098)
570 P2d 382

Patrick K. Mackin, Portland, argued the cause for appellants. With him on the briefs was Robert L. Olson, Portland.

Robert Van Natta, St. Helens, argued the cause for respondent. With him on the brief was George G. Van Natta, St. Helens.

Before Denecke, Chief Justice, Howell and Lent, Justices, and Gillette, Justice Pro Tempore.

GILLETTE, J., Pro Tempore.

[ 239 ]

**GILLETTE,** Justice Pro Tempore.

Plaintiff brought this action for damages for conversion of an automobile. The trial court, sitting without a jury, found for the plaintiff and defendants appeal. While defendants state four separate "assignments of error" in their brief, all involve the trial court's denial of their motion for an involuntary nonsuit. ORS 18.230.

In reviewing the denial of a motion for involuntary nonsuit the evidence, including all reasonable inferences which may be drawn therefrom, is taken in the light most favorable to the plaintiff. *Bickham v. Reynolds,* 224 Or 194, 355 P2d 756 (1960). So viewed, the evidence shows that the plaintiff and her ex-husband, while living together in California, came into possession of the automobile which is the subject of this case. The automobile was paid for with plaintiff's money. When the couple separated in California, plaintiff brought the automobile with her to Oregon and had it continuously in her possession until it was taken from her by two employes of the defendants Horton. The Hortons were acting pursuant to directions of the ex-husband who had obtained a California certificate of title showing that he was the sole owner. The ex-husband then left the state with the car and has not been found.

Defendants allege the denial of their motion for involuntary nonsuit was error because (1) the ex-husband owned the automobile; (2) the ex-husband was entitled to possession of the automobile; (3) the ex-husband was entitled to control of the automobile; and (4) the court failed to consider defendants' good faith in relying on the husband's certificate of title.

The first three contentions may be treated together. If plaintiff was, in fact, the rightful owner of the automobile, the conversion of the automobile by the defendants Horton was unlawful and actionable. *See Williams v. International Co.,* 172 Or 270, 141 P2d 837 (1943). The question of whether or not the plaintiff

[ 241 ]

was the owner of the automobile is one of fact. If there was evidence from which the trial court could have found that she was the owner, the judgment for plaintiff must be affirmed. As the preceding summary of facts shows, the trial court was entitled to find that plaintiff was the owner.

■ Defendants contend, however, that the title in the name of the ex-husband was *prima facie* proof that the ex-husband was entitled to possession of the car, and that plaintiff therefore failed as a matter of law to prove ownership. Defendants are correct in part. ORS 481.117 provides:

> "In all actions, suits or criminal proceedings when the title to, or right of possesion of, any motor vehicle, trailer or semitrailer is involved, the record of registration and license, as it appears in the files and records of the division is *prima facie* evidence of ownership or right to possession of such vehicle. Such proof of the ownership or right to possession shall be made by means of a copy, certified by the division, of the record of the vehicle, as it appears in the files and records of the division, or by the original certificate of title issued by the division."

Defendants' conclusion, however, is wrong. The presumption in ORS 481.117 is disputable; it may be overcome by other evidence. *Wiebe v. Seely, Administrator,* 215 Or 331, 335 P2d 379 (1959). The other evidence produced was sufficient for the trial judge to make a contrary determination.

■ Defendants contend that good faith, although not a full defense, is a "factor" to be considered in an action for conversion. *See Remington v. Landolt,* 273 Or 297, 310-312, 541 P2d 472 (1975). Defendants further contend that the trial court failed to consider this factor. Defendants are asking this court to speculate that, since the judge did not find that the ex-husband owned the vehicle, he did not consider defendants' alleged good faith in believing the ex-husband was the owner. Where the trial court sits as the trier of fact, this court will not speculate concerning the mental

processes by which the trial judge reviewed the evidence. *See Mullins v. Rowe,* 222 Or 519, 353 P2d 861 (1960); *Chance v. Alexander,* 255 Or 136, 465 P2d 226 (1970). In passing, it appears the trial court may have given some consideration to defendants' supposed good faith, since it declined to impose punitive damages.

The judgment of the trial court is affirmed.