**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| JACOB HOBUS, | No.   23-3528 |
| Plaintiff - Appellant, | |
| v. | DC No. 3:21-cv-00080-AN |
| HOWMEDICA OSTEONICS CORP., a New Jersey Corporation, | |
| | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Oregon
Adrienne C. Nelson, District Judge, Presiding

Argued and Submitted December 2, 2024
Portland, Oregon

Before:     TASHIMA, NGUYEN, and SUNG, Circuit Judges.

Jacob Hobus appeals from the district court's grant of summary judgment in

defendant's favor in his diversity action asserting product liability claims under

Oregon law against Howmedica Osteonics Corp. ("HOC"), the manufacturer of an

AccuLIF® TL Cage System that was implanted during surgery on Hobus's spine.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

We have jurisdiction under 28 U.S.C. § 1291.  We review de novo the district court's grant of summary judgment, and for abuse of discretion its decision to exclude expert testimony.  *See Newmaker v. City of Fortuna*, 842 F.3d 1108, 1110 (9th Cir. 2016).  We affirm.

**1.**     The district court did not abuse its discretion in excluding as unreliable the expert opinion of Dr. Jeffrey P. Johnson.  Dr. Johnson used no identifiable methodology, and his reasoning was undermined by his failure to consider alternative factors despite Hobus's long history of chronic pain.  *See* Fed. R. Evid. 702; *Elosu v. Middlefork Ranch Inc.*, 26 F.4th 1017, 1024 (9th Cir. 2022) ("To evaluate reliability, the district court 'must assess the expert's reasoning or methodology, using . . . appropriate criteria such as testability, publication in peer-reviewed literature, known or potential error rate, and general acceptance.'  These factors are nonexclusive, and 'the trial court has discretion to decide how to test an expert's reliability . . . based on the particular circumstances of the particular case.'" (citations omitted)); *see also Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997) ("[N]othing in either [the case law] or the Federal Rules of Evidence requires a district court to admit opinion evidence that is connected to existing data only by the *ipse dixit* of the expert.  A court may conclude that there is simply too great an analytical gap between the data and the opinion proffered.").

2

**2.**     Having acted within its discretion in excluding Dr. Johnson's expert opinion on medical causation, the district court properly granted summary judgment to HOC because Hobus failed to raise a triable issue of fact as to whether HOC's allegedly defective product caused his injury.  *See Glover v. BIC Corp.*, 6 F.3d 1318, 1327 (9th Cir. 1993) (explaining that product liability claims under Oregon law require the plaintiff to prove a causal connection between the allegedly defective product and the injury); *see also Baughman v. Pina*, 113 P.3d 459, 460 (Or. Ct. App. 2005) ("When the element of causation involves a complex medical question, as a matter of law, no rational juror can find that a plaintiff has established causation unless the plaintiff has presented expert testimony that there is a reasonable medical probability that the alleged negligence caused the plaintiff's injuries.").

**AFFIRMED.**